STATE, EX REL. JOSEPH JAMES, v. GEORGE LYNN ET AL

[FILED MAY 6, 1891.]

Quo Warranto: JUSTICE OF THE PEACE: INCUMBENT HOLDING OVER: BOND. There was a vacancy in the office of a justice of the peace in January, 1888, and one J. was appointed to fill the same, who qualified as required by law. At the election in November, 1888, one S. was elected to fill said office, but failed to file his bond in the time fixed by statute, whereupon the county board refused to approve the same. J. on the 7th day of January, 1889, filed a hold-over bond, which, on the tenth of that

month, the county board refused to approve.   On the 7th of that month J. filed a hold-over bond, which the board refused to approve, and on the 10th of January, 1889, a second bond. J. filed a new bond which the board, on the 25th of that month, refused to approve, and thereupon declared the office vacant and appointed one L. as the incumbent thereof, who qualified as required by law, and entered upon the duties of the office.   In an action of *quo warranto* by J. against L. to oust him from the possession of the office, *held*, that J. could not continue to exercise the duties of the office without filing a sufficient hold-over bond, and that his remedy was to compel the county board to approve his bond.

ORIGINAL proceeding in nature of *quo warranto*.

*Joseph James*, and *M. A. Hartigan*, for relator:

A justice of the peace is a township officer, and a vacancy in the office must be filled by the town board. (Comp. Stats., 1887, ch. 18, art. 4, secs. 19, 47; sec. 19, p. 318; sec. 7, p. 387; so held of supervisor, *State v. Taylor*, 26 Neb., 580.)   Relator was entitled to hold until his successor was elected and qualified. (Const., art. 6, secs. 18, 20; Maxwell, J. P. [1888 Ed.], 19.)   As no successor qualified there was no vacancy, the acts of the board were void, and its appointee an intruder. (McCrary, Elections [3d Ed.], secs. 313,328 ; *Commonwealth v. Hanley*, 9 Pa. St., 513; *Borton v. Buck*, 8 Kan., 308; *Bond v. White*, Id., 333; *Graham v. Cowgill*, 13 Id., 114; *State v. Conn*, 14 Id., 218; *Page v. Hardin*, 8 B. Mon. [Ky.], 648.) The statute provides the grounds of removal from office. (Comp. Stats., 1887, p. 310; *Graham v. Cowgill, supra.*) As to what issues can be tried by *quo warranto: People v. Falkenbury*, 2 Mich., 349; *People v. Mayworm*, 5 Id., 146; *Clark v. People*, 15 Ill., 217; *State v. Beecher*, 15 O., 723.

*Bowen & Hoeppner* (*John A. Casto*, for county board), *contra:*

A justice of the peace is a county officer, because (1) he

is not mentioned among the township officers (Comp. Stats., 1887, p. 315, sec. 4); (2) his jurisdiction is coextensive with the county (Code, sec. 904). Hence the county board should fill any vacancy in the office. Relator should have filed his bond January 3, 1889. (Comp. Stats., 1887, p. 92, sec. 5); failing to do so he lost any rights he might have had under the former so-called appointment. He must show a better title to the office than respondent. (*State v. Stein*, 13 Neb., 529, and cases cited.) His proper remedy was *mandamus* to compel the board to approve the bond.

PER CURIAM.

This is an action of *quo warranto* brought by the relator to oust the defendant from the office of justice of the peace of the Fourth ward of the city of Hastings, and instate the relator therein.

It appears from the record that on the 13th day of January, 1888, the relator was appointed justice of the peace for the Fourth ward of the city of Hastings, and thereupon gave a bond, which was duly approved, and took the oath required by law. At the election in November, 1888, one E. C. Sawyer was elected justice of the peace for said ward, and on the 10th day of January, 1889, duly filed his bond with three sureties. For some cause, which does not appear, this bond was rejected by the county board. The relator on the 7th of that month filed a hold-over bond with three sureties, which, on the 10th of the month, was also rejected by the county board. Sawyer seems to have submitted to the decision of the board in refusing to approve his official bond, and asked that board to appoint him justice of the peace for said ward. He also filed a second bond for their approval in case he should be appointed. The board refused to appoint Mr. Sawyer, whereupon the relator, on the 10th day of January, 1889, seems to have filed a second bond which was also rejected by the county

board on the 25th of that month, whereupon the said board declared the office vacant and proceeded to appoint the defendant, who gave a bond which was duly approved, and took the oath required by law and has since exercised the duties of the office.    The relator claims the office by virtue of his appointment continuing until his successor should be elected and qualified.

Section 17, chapter 10, Compiled Statutes, provides that " When the incumbent of an office is re-elected or reappointed, he shall qualify by taking the oath and giving the bond as above directed ; but when such officer has had public funds or property in his control, his bond shall not be approved until he has produced and fully accounted for such funds and property ; and when it is ascertained that the incumbent of an office holds over by reason of the non-election or non-appointment of a successor, or of the neglect or refusal of the successor to qualify, he shall qualify anew within ten days from the time at which his successor, if elected, should have qualified."

The relator's bonds were both filed within the ten days required by statute.    The cause for failing to approve the same is not shown.    It must be presumed that a sufficient cause existed to justify the action of the county board, although the action of that board has somewhat the appearance of being arbitrary ; but we cannot determine that matter in this action.    The remedy of the relator, upon filing a good and sufficient bond with the county clerk, and upon taking the oath required by law, within the time limited, was to proceed by *mandamus* against the board to compel the approval of the bond.    The board can then be heard in its own defense, and unless adequate cause was shown for its rejection of the bond, it will be compelled to approve the same.    The bond has no force or validity until approved, because the party required by statute to approve the same, refuses to accept it as a sufficient bond.    This, however, would not prevent a sufficient bond which had been duly

filed and which the board was compelled to approve from being in force from the time it should have been approved.

The office of justice of the peace is a responsible one, and it is necessary that the party discharging the duties thereof shall have given bond as required by law. If he fails to give a sufficient bond, or one which the board fails to approve, and no steps are taken to compel such approval, it is the duty of the board to declare such office vacant and appoint an incumbent therefor. That was done in this case, and the defendant's title to the office is superior to that of the relator. The action is therefore

DISMISSED.

THE other judges concur.