The People ex rel. Ira M. Clapp, Appellant, *v.* The Board of Police of the Police Department of the City of New York, Respondent.

On a common-law *certiorari* to review the judicial action of a board of commissioners or an inferior officer, the court is not confined to the mere question of jurisdiction, but will look into the proceedings, and if the adjudication made is unsupported by any evidence it will be reversed.

In proceedings instituted under the provisions of the charter of the city of New York of 1873 (§ 55, chap. 335, Laws of 1873), authorizing the removal of members of the police force in certain cases, the relator was removed by the board of police of said city from the office of patrolman, after trial and conviction, upon the charge of "conduct unbecoming an officer." The specifications were, in substance, that the relator acted as patrolman without legal authority, he being inelligible to the office at the time of his appointment, and that the appointment was not made in accordance with law. The evidence upon the trial was confined to proof of the specifications. *Held,* that the evidence had no relevancy to the charge and did not justify the conviction; that the exercise of official functions by one in office by color of appointment of a body having the appointing power does not constitute "conduct unbecoming an officer."

*People ex rel.* v. *Department of Police* (5 Hun, 457), reversed.

(Argued January 25, 1878; decided February 5, 1878.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, dismissing a writ of *certiorari* brought to review the proceedings and decision of the board of police of the city of New York, removing the relator from the office of patrolman. (Mem. of decision below, 5 Hun, 457.)

The facts appear sufficiently in the opinion.

*A. Oakey Hall*, for appellant. The defendant never acquired jurisdiction over the subject-matter of the charge and evidence under which they removed relator. (*Skahan's Case*, 10 Hun, 108.)

*Charles F. McLean*, for respondent. The resolution passed by defendant was conclusive in the *certiorari* proceedings. (*People* v. *Mayor*, 2 Hill, 9.)

ANDREWS, J. The relator was removed by the board of police from the office of patrolman, after trial and conviction, by the board upon the charge of " conduct unbecoming an officer." This is one of the causes specified in the fifty-fifth section of the act, chapter 335 of the Laws of 1873, for which members of the police force may be removed. The specifications annexed to and explanatory of the charge alleged in substance that the relator acted as patrolman without authority of law, in that when he was appointed patrolman in 1873 by the then board of police he was more than thirty years of age, and was for that reason ineligible, and also that he had previously been a patrolman and had resigned, and that his reappointment was not made in accordance with law. The specifications were based on the statute, chapter 755 of the Laws of 1873, which provides that no person shall be appointed patrolman who shall be at the time of his appointment over thirty years of age, and that any person who shall have been a member of the force and have resigned or been dismissed therefrom shall not be reappointed except by the concurrent vote of all the commissioners composing the board, to be taken by yeas and nays and recorded in the minutes.

The evidence on the trial of the relator was confined to proof of the allegations in the specifications. It appeared by the evidence that he was reappointed patrolman in 1873 by the board of police, and had acted as patrolman from that time until the change in question was made in 1875 ; that he was over thirty years of age when he was reappointed, and that

prior to 1873 he had been patrolman and had resigned, and that the yeas and nays were not taken on his reappointment, but it was made by resolution of the commissioners passed in the usual way. Upon this evidence the board found the relator guilty of the charge of conduct unbecoming an officer, and a formal record was made up reciting the charge, trial and conviction, and adjudging that " for the cause aforesaid " he is removed from the police force. It is obvious that the only matter tried was the relator's title to the office of patrolman. The evidence given had no bearing upon any question except the validity of his appointment in 1873. It had no relevancy to the charge of conduct unbecoming an officer, which assumes the official character and status of the person against whom it is made, and that by his misconduct while an officer he has subjected himself to discipline.

It is absurd to hold that the exercise of official functions by one who is in office, by color of appointment of a body having the appointing power, constitutes conduct unbecoming an officer. There was, therefore, an entire absence of evidence to support the conviction of the relator, and it is now settled that the court, on a common-law *certiorari* to review the judicial action of boards, commissioners or inferior officers, is not confined to the mere question of jurisdiction of the person and subject-matter, but will look into the proceedings, and if the adjudication made is unsupported by any evidence it will be reversed. (*People* v. *Board of Metropolitan Police*, 39 N. Y., 506; *People ex rel.* v. *Smith*, 45 id., 777.) We are of opinion that the conviction of the relator on the charge made is totally unauthorized by the proof, and should be set aside. We do not interfere with the resolution of the board, passed after the conviction of the relator, directing that his name should be dropped from the roll, and that his pay should cease. The validity of this action depends upon the question of the relator's title to the office of patrolman, and that is not before us.

The judgment of the Supreme Court, and the conviction

and dismissal of the relator by the Board of Police Commissioners of the city of New York, should be reversed.

All concur.

Judgment accordingly.