### McMANUS *v.* CITY OF BROOKLYN.

*(City Court of Brooklyn, General Term.* May 27, 1889.)

OFFICE AND OFFICER—ILLEGAL REMOVAL—COMPENSATION.

An officer who is illegally kept out of his office cannot recover his salary of the state or municipality until there has been a judicial determination establishing his right to the office, and then he can only recover salary for the time he was prevented from performing the service, when the same has not been paid to another officer *de facto,* performing the duties.

Appeal from trial term.

Action by Michael McManus against the city of Brooklyn, to recover salary as a fireman. From a judgment in favor of defendant, plaintiff appeals.

Argued before CLEMENT, C. J., and OSBORNE, J.

*E. F. O'Dwyer,* for appellant. *A. F. Jenks,* Corporation Counsel, for respondent.

CLEMENT, C. J. The plaintiff in this action was appointed a fireman in the department of this city on January 25, 1877, and performed duty until January 1, 1879, and the record does not show that he has rendered any service since that date. On December 30, 1878, the following resolution was passed by the commissioners: "By Commissioner Gallagher: Moved that James McPherson be appointed a detailed fireman, in place of Michael McManus." After January 1, 1879, plaintiff took no action looking to his restoration to the department, and on September 10, 1883, brought this action to recover the salary of a fireman from January 1, 1879, to August 31, 1883, and, if he recovered judgment in this action, would be entitled to recover his salary down to the present time. It is claimed by the appellant that the resolution passed by the commissioners above set forth did not remove him from the department, because the word "removed" is not used after his name, but we cannot so hold. McManus was originally appointed as a detailed fireman, and McPherson was appointed in his place, and there is no proof that McPherson was a member of the department before the date of December 30, 1879, on which to base the contention that he was on that date detailed in place of McManus; also, the subsequent conduct of McManus shows that he understood that he was put out of the department. There is no doubt that the removal of McManus was illegal and contrary to law; and, if he had proceeded in the usual way, by *certiorari,* he would have been reinstated. But the difficulty in this case is that an officer who is improperly removed from his office seeks reinstatement, not directly, but in an action to recover his salary, which is simply an incident of his office. The commissioners of the department had the power to remove the plaintiff, provided they complied with the statute, and their functions were judicial; and, while their order removing McManus was illegal, if attacked in *certiorari* proceedings, yet it was valid until so attacked and reversed. *People* v. *Board,* 39 N. Y. 506, 519. It is no answer to the proposition to say that the order was a nullity, for the reason that the commissioners acted without jurisdiction, because one object of a common-law *certiorari* is to review the jurisdiction of inferior officers. *People* v.

*Board,* 72 N. Y. 415.   The plaintiff was put out of his office, and has never been reinstated, and cannot maintain, in our opinion, an action for his salary while he is out of office.   The law laid down by Judge FOLGER in *McVeany* v. *Mayor,* 80 N. Y. 185, 193, is as follows: "It is, then, to be deduced from the cases in this state that, as a general principle, the rendition of official service must precede a right to demand and recover the compensation given by law to the officer; that the disbursing officer of a municipality is protected from a second payment of that compensation, and so is his superior, when he has once made payment to one actually in the office, discharging the duties of it, with color of title, with his right thereto not determined against him by a competent tribunal; that, when there has been such an adjudication, any amount of compensation for services rendered, not paid to him, is due and payable to the one adjudged to be the officer *de jure,* and may be recovered by the latter of the municipality."   In the case of *Nichols* v. *MacLean,* 101 N. Y. 526, 536, 5 N. E. Rep. 347, it was held that the reversal by *certiorari* of the removal of Mr. Nichols was a judicial determination, "in a proceeding in behalf of the people, that his right to the office was never legally interrupted," and the distinction between that case and one where an officer has not been reinstated is clearly shown.   The case of *Fitzsimmons* v. *City of Brooklyn,* 102 N. Y. 536, 7 N. E. Rep. 787, is also in point.   In that case Judge FINCH said: "We have often held that there is no contract between the officer and the state or municipality by force of which the salary is payable.   That belongs to him as an incident of his office, and, so long as he holds it, and, when improperly withheld, he may sue for it, and recover it."   Many other authorities could be cited, but it does not seem necessary.   The rule in this state is that an officer who is illegally kept out of his office cannot recover the salary of the state or municipality until there has been a judicial determination establishing his right to the office, and then he is entitled to recover the salary during the time he was prevented from performing the service, unless the same has been paid to an officer *de facto,* performing the duties.   Judgment affirmed, with costs.

OSBORNE, J., concurs.