SARAH SWARTWOOD, RESPONDENT, *v.* PHILO WAL-
BRIDGE, APPELLANT.

57h 33
49ad150
49ad212

*Power of the trustee of a school district to dismiss a teacher — remedy of the teacher.*

The trustee of a school district has the power to discharge a teacher, either with or without cause, to the extent of terminating the employment of the teacher and depriving him of his authority to continue in charge of the school.

The position of the teacher in such case is not that of a public officer, but of a mere employee of the trustee of the school district in whose service the teacher is employed.

The remedy of the teacher, if discharged without cause, is not by forcible entry into the school-house, in order to resume his duties as teacher, but to tender a continuance of his services and to bring an action for the recovery of his compensation as if such services had actually been rendered.

APPEAL by the defendant Philo Walbridge from a final judgment, entered in the office of the clerk of Steuben county on the 4th day of December, 1888, in favor of the plaintiff for the sum of $301.89; and also from an order made at a Special Term, and entered in said clerk's office on the 28th day of January, 1889, denying a motion for a new trial.

The action was brought to trial at the Steuben Circuit on the 16th day of November, 1888, at which a verdict was rendered by the jury in favor of the plaintiff for $200.

*J. W. Dinniny*, for the appellant.

*A. M. Burrell*, for the respondent.

DWIGHT, P. J.:

This was an action of assault and battery. The defendant was the trustee of a school district in which the plaintiff had been for some time employed as the teacher of the school. The alleged assault was committed by the defendant in resisting an attempt by the plaintiff to force an entrance into the school-house for the purpose, as she declared, of taking charge of the school, after she had been notified by the defendant that she was discharged from her employment as teacher; and the question is distinctly presented by

several exceptions in the record, whether the trustee of a public school has the power to discharge a teacher either with or without cause, to the effect of terminating the employment of the teacher and depriving him of his authority to continue in charge of the school. Of course the trustee cannot by any act of his own, and without the consent of the teacher, abrogate an existing contract which the latter has not violated and stands ready to perform, so as to deprive the teacher of his remedy for a breach of the contract. (*Finch* v. *Cleveland*, 10 Barb., 290.) But the question here is not whether the trustee may terminate the contract, but whether he may terminate the employment of the teacher at his pleasure.

The answer to the question manifestly depends upon the relation in which the two stand to each other. If the position of the teacher were a public office, and the trustee the appointing power, we should expect to find the tenure of the office defined by the statute by which it was created. But there is no such office created or recognized by statute. The teachers of the public schools are not public officers, but simply the employees of the trustees of the schools in whose service they are engaged. (*People* v. *Board of Education*, 3 Hun, 177.) They are not appointed, but hired; and the tenure of their employment must be governed by the same rule as that which applies to the case of every person employed in the service of another under a contract of hiring. That contract is one of which neither party can enforce specific performance. No employer can be compelled to retain in his employment a servant of whatever grade, or whatever the term of his employment, beyond the time when it suits his pleasure to dispense with his services; nor, equally, can the person employed be compelled to continue in the employment beyond the limit of his pleasure and convenience. Either is, of course, liable to an action for a breach of the contract, but neither can employ restraint or force to compel performance on the part of the other. This rule, it is apparent, does not impair the obligation of the contract, but merely excludes one mode of enforcing its obligation.

The housekeeper may discharge her cook; the keeper of horses may discharge his groom; the merchant his clerk or bookkeeper; the manufacturer his overseer or superintendent, notwithstanding an unexpired contract of employment, and the remedy of the person discharged is by his action for damages; he can neither compel

specific performance of the contract by process of law, nor maintain himself in his position by force. Of course, the rule is reciprocal in its operation; no servant or employee can be compelled, either by legal or personal constraint, to continue to render the services contracted for; he may leave his employment whenever he sees fit, and the remedy of his employer is by action for breach of contract.

Applying these principles to the case in hand, it seems that the teacher cannot be compelled to remain in the school and teach, nor the trustee to permit her to do so; the obligation of the contract and the remedy for its violation is the same for both. The remedy of the plaintiff, if discharged without cause, was not to force an entrance into the school-house in order to resume her duties as teacher, but to tender a continuance of her services and recover her compensation as if those services had been actually rendered during the term of her employment. If she mistook her remedy, the defendant was justified in resisting force by force, and was liable in this action only for excess of force employed. The error of the trial court was in holding and instructing the jury, in effect, that the trustee had no power to discharge the teacher from her employment, except for good cause shown, and that the teacher, if discharged without such cause, had the right to continue in her employment without the consent of the trustee.

For this error the judgment and order should be reversed and a new trial granted.

MACOMBER and CORLETT, JJ., concurred.

Judgment and order appealed from reversed and a new trial granted, with costs to abide the event.