that he is directed and permitted by the statute to receive the fees in question for his services as city clerk, he cannot, as such clerk, assume the character and relation of agency to another in discharge of a duty by services which can be performed by him only as city clerk. It would therefore seem that the services are not distinguishable as his from those which come within the express purpose for which the salary was provided. In the view taken, it is not deemed important for the purposes of the question that the occasion for this service was not created by the city charter. The duty belongs to the office of the clerk in each locality throughout the state in which the proceedings referred to are taken for the specified purposes, and the services performed by them in that behalf are no less the official business of the clerks, as such, than is any other official service devolved upon them. Such was the nature of the defendant's services for which the fees were paid, and I think he has no right to withhold the amount of them from the city treasury. Supervisors v. Jones, 119 N. Y. 339, 23 N. E. 742. The cases of Supervisors v. Otis, 62 N. Y. 88, and O'Gorman v. Mayor, etc., 67 N. Y. 486, do not seem to have any essential application to the present case.

The order should be reversed, and the motion granted. All concur.

---

(21 App. Div. 209.)

### DOUGLAS v. BOARD OF EDUCATION OF CITY OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. October 19, 1897.)

DISCHARGE OF VETERAN—REINSTATEMENT—COMPENSATION.
    Where a veteran employed in the public service is discharged, and later on is employed again, he cannot recover pay for the period during which he was not employed.

Appeal from special term.

Action by Le Grand Douglas against the board of education of the city of Brooklyn. From a judgment sustaining a demurrer to the complaint, and dismissing the same, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Horace Graves, for appellant.

F. W. Catlin, for respondent.

GOODRICH, P. J. In July, 1876, the plaintiff was employed as a carpenter by the defendant for an indefinite term, and remained in the defendant's employ until 1890, when he was discharged. He rendered no services. and made no tender of his services, until November, 1891, when he was again employed by the defendant as a carpenter. He brings this action to recover compensation for the 11 months during which he was not employed. The complaint alleges that the plaintiff was a veteran, and was discharged contrary to law. No legal proceedings were ever taken to restore him to his position, nor does the complaint allege that at the time of the plaintiff's discharge the defendant knew that he was a veteran, or that he then claimed the rights of a veteran. The defendant demurred

to the complaint.    The demurrer was sustained, and the plaintiff appeals.

The question of a veteran's right to retention of office cannot be raised upon this appeal.    The simple question is whether the plaintiff can recover pay for the time he was not employed.    This question is set at rest in Higgins v. City of New York, 131 N. Y. 128, 30 N. E. 44, where the plaintiff, a veteran, employed by the city as a laborer at the dog pound, was discharged.    He instituted proceedings for reinstatement on the ground that he was a veteran, and succeeded, and was re-employed by the city.    He then brought action to recover his wages for the time during which he was not employed. The court of appeals, Mr. Justice Gray writing the opinion, distinctly held that the action was not maintainable, and that the city was not obliged to compensate him for the time when he was not in actual service.    The plaintiff's counsel calls our attention to the opinion of Mr. Justice Cullen in the unreported case of Maurice Condon against Board of Education, decided in 1891; but that was a proceeding to reinstate the relator, and the judgment of the court has no application to the case at bar.

The judgment is affirmed.    All concur.

