(49 App. Div. 208.)

VAN VALKENBURGH v. MAYOR, ETC., OF THE CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

1. OFFICERS—REMOVAL—RIGHT TO HEARING.
   That the by-laws of the park department of New York City made the appointment and removal of a regular clerk subject to the pleasure of the board did not impair the right of the clerk to a hearing, under the consolidation act (Laws 1882, c. 410, § 48), providing that no regular clerk shall be removed from office until he has been informed of the cause of the proposed removal, and allowed an opportunity to explain.

2. SAME—SALARY AFTER ILLEGAL REMOVAL.
   A regular clerk employed by the park board, who was illegally removed and kept out of office, and who took no steps to obtain a review of the order of removal or a reinstatement, cannot recover salary for a period subsequent to his removal, during which his duties were performed by another, who was paid therefor.
   Patterson, J., dissenting.

Appeal from trial term, New York county.

Action by William Van Valkenburgh against the mayor, aldermen, and commonalty of the city of New York. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Andrew D. Parker, for appellant.
Theodore Connoly, for respondent.

O'BRIEN, J. The action was brought to recover salary due the plaintiff as an employé of the park department. At the close of the plaintiff's opening to the court and the jury, the defendant moved

to dismiss the complaint, and the motion was granted, and from the judgment thus entered this appeal is taken. It appears from the opening and the pleadings: That prior to September 1, 1892, the plaintiff for many years had been employed as property clerk in the park department, receiving at one time over $3,000 a year, and that the nature of his employment was prescribed by the by-laws of the board (section 7), which provide:

"There shall be a property clerk, who shall hold office during the pleasure of the board, and he shall have charge of and be responsible for all tools and materials of the department, and for all lost property found within its juris-diction. He shall also supervise the preparing of the pay rolls, and perform such other duties as the board or the president may from time to time direct."

That in 1892 some trouble arose between the plaintiff and the board, and his salary was reduced to $2,200. That thereafter, on July 25, 1892, the park board, by a majority of its members, resolved that the plaintiff be requested to resign. That the plaintiff declined to resign. That the board then voted to abolish the position of property clerk after September 1, 1892. That the board then requested a department clerk to take charge of the duties of the plaintiff's office temporarily, and in October, 1892, by resolution, created the office of "general inspector," at a salary of $2,500.

The plaintiff's counsel stated in his opening that he intended to prove that the abolition of the office was a mere form, gone through with for the purpose of getting rid of plaintiff, and that the same duties were performed by another man, who was appointed under the title of "general inspector." This was admitted by the counsel for the defendant, who stated: "For the purpose of this argu-ment, we will admit that it was a mere subterfuge for getting rid of the plaintiff in this action." He insisted, however, that the board, under its by-laws, had the right to dismiss the plaintiff without a hearing; in effect contending that the abolition of the office, though a pretense, was equivalent to a dismissal. The provision of the consolidation act (section 48, c. 410, Laws 1882) is that "no regular clerk or head of a bureau shall be removed from office until he has been informed of the cause of the proposed removal and has been allowed an opportunity of furnishing an explanation." Although it has been held that the statute has no application to a removal for a cause not implying personal unfitness, or where the need for the services ceased, or the appropriation therefor was expended (People v. Fire Com'rs, 73 N. Y. 437; Same v. Thompson, 26 Hun, 28; affirmed in 94 N. Y. 451), the provision has been held to apply strictly to cases where there is alleged some dereliction of duty, or where the removal is really made in order that some one else might be appointed (Same v. Board of Fire Com'rs of City of New York, 72 N. Y. 445). Here, although the by-laws of the department made the plaintiff's appointment and removal subject to the pleasure of the board, it being clear that the plaintiff was a regular clerk, the by-laws of the department must necessarily give way to the provision in the consolidation act, which gives the right to a hearing. In other words, no local board by a by-law can impair, repeal, or invalidate an act of the legislature.

Were the question simply one as to the legality of the removal, we should be inclined to agree with the plaintiff; but it does not follow therefrom that the plaintiff is entitled to sue for and recover his salary for the period he remained out of office, performed no services, and during which the services were performed by another, who was paid therefor by the city. An action to recover salary is not the appropriate way to try title to the office from which one claims he has been illegally removed. In McManus v. City of Brooklyn (City Ct. Brook.) 5 N. Y. Supp. 424, affirmed under the title of Hagan v. Same, 126 N. Y. 643, 27 N. E. 265, it was said:

"The difficulty in this case is that an officer who is improperly removed from his office seeks reinstatement, not directly, but in an action to recover his salary, which is simply an incident of his office. The commissioners of the department had the power to remove the plaintiff, provided they complied with the statute, and their functions were judicial; and while their order removing McManus was illegal, if attacked in certiorari proceedings, yet it was valid until so attacked and reversed. People v. Board of Police of State of New York, 39 N. Y. 506, 519. It is no answer to the proposition to say that the order was a nullity, for the reason that the commissioners acted without jurisdiction, because one object of a common-law certiorari is to review the jurisdiction of inferior officers. Same v. Board of Fire Com'rs of City of New York, 72 N. Y. 445. The plaintiff was put out of his office, and has never been reinstated, and cannot maintain, in our opinion, an action for his salary while he is out of office."

And in the memorandum opinion in the Hagan Case in the court of appeals, supra, it is said:

"We think that, under the authorities, this action cannot be supported. The rule deducible from an examination of the various cases on the subject in this state is to the effect that a public officer, unlawfully removed from office to which another person is appointed, and who acquiesces in such removal, and has not, by certiorari or otherwise, obtained a reversal of the order removing him, or a reinstatement in the vacated term by the board having authority to make it, cannot recover from the corporation the compensation incident to the office accruing during the period in which he performed no service. Nichols v. MacLean, 101 N. Y. 526, 5 N. E. 347; McVeany v. Mayor, etc., 80 N. Y. 190; Dolan v. Same, 68 N. Y. 274; Fitzsimmons v. City of Brooklyn, 102 N. Y. 536, 7 N. E. 787. In an action to recover the salary of a public officer, the title to the office necessarily comes in question, and that question cannot be tried in such action. Hadley v. Mayor, etc., 33 N. Y. 606."

By no allegation in the complaint or statement in the opening was it suggested that any effort to secure a review of the action of the board or a reinstatement to the position was made by the plaintiff. The question, therefore, for us to determine is whether one who was illegally removed and kept out of office, who has taken no steps to obtain a review or a reinstatement, and who performs no services, but whose duties during the period sued for were performed by another, who was paid therefor, can recover salary for the period mentioned. The authorities are against such a proposition. Terhune v. Mayor, etc., 88 N. Y. 248; Wood v. Same, 55 N. Y. Super. Ct. 230. The one most favorable to the plaintiff is the recent case in this court of O'Hara v. City of New York (Sup.) 62 N. Y. Supp. 146, where a recovery was had in an action for salary. That, however, is clearly distinguishable from the case at bar, in that it there appeared that the action was brought after the plaintiff had been reinstated to his position by writ of peremptory mandamus, and that dur-

ing the period of removal no one had been appointed to the place, and the salary which was sought to be recovered had not been paid to any one else.

We think that the judgment should be affirmed, with costs. All concur, except PATTERSON, J., dissenting.

BARRETT, J. I concur in the result arrived at by Justice O'BRIEN, but upon somewhat different grounds. The position of property clerk was, in my judgment, a regular clerkship, within the meaning of section 48 of the consolidation act. What the plaintiff claims is that, under the pretense of abolishing that position, the commissioners unlawfully discharged him. The utmost that can result from the defendant's admission of the truth of this claim is that the effect of what the commissioners did was to remove the plaintiff without information as to the cause of such removal, and without an opportunity of explanation. But, granting this, he cannot recover against the city in this action. It is true that his position was not a public or statutory office (People v. Board of Education of City of New York, 3 Hun, 177, 179; Swartwood v. Walbridge, 57 Hun, 33, 10 N. Y. Supp. 862), the title to which it was necessary for him to establish before bringing an action for the salary incident thereto. He was a mere employé of the commissioners. His tenure of employment was indefinite, and his salary was subject to their pleasure. The rule, however, which requires reinstatement before salary again attaches is equally applicable to such an employé. The latter has his remedy by certiorari or mandamus (as the one or the other of these writs may be applicable to the peculiar circumstances of his case), the same as the distinctively public or statutory officer. Under circumstances somewhat similar to those here disclosed, it has been held that a mandamus would lie for reinstatement. People v. City of Brooklyn, 149 N. Y. 215, 43 N. E. 554; Same v. La Grange, 7 App. Div. 311, 40 N. Y. Supp. 1026. It has also been repeatedly held that such an employé—that is, one who has not been employed for a definite period—cannot recover from the city for services unless they have been actually rendered. Terhune v. Mayor, etc., 88 N. Y. 247; Higgins v. City of New York, 131 N. Y. 128, 30 N. E. 44; Cook v. Same, 9 Misc. Rep. 338, 30 N. Y. Supp. 404, affirmed 150 N. Y. 578, 44 N. E. 1123; Gore v. Mayor, etc. (Super. N. Y.) 30 N. Y. Supp. 405. The reason is that from the time of discharge down to the time of reinstatement the contract of employment is no longer running. He may have an action for the damages sustained by the unlawful discharge. But the city is not liable in such an action, where the commissioners guilty of the unlawful discharge are not then acting directly as its agents. The act of such commissioners in discharging their employé is in the line of their governmental, and not of their strictly corporate, functions. The city is liable for the salary or compensation of the employé while he is actually rendering service to it under the employment. That contract obligation ceases as soon as the discharge de facto is effected. After that, the employé can claim nothing from the city as upon an existent contract, express or implied. He must then stand upon the unlawful discharge, and for

this wrong the city is not liable, as it was not committed by its agents acting within the scope of their corporate agency. Whatever remedy the plaintiff here may have against the commissioners, he has none against the city; none for the wrong, for the reason that the municipality has not committed the wrong; none for compensation under the contract, for the reason that no service was rendered thereunder.

The judgment should therefore be affirmed.