(No. 2283.   Oct. 21, 1919.)

## WILKERSON v. CITY OF ALBUQUERQUE.

Rehearing Denied Dec. 10, 1919.

### SYLLABUS BY THE COURT

1. The right of one to an office he holds under an appointment or election by the proper authorities can be determined only in a proceeding to which he is a party, and cannot be determined in an action by the former occupant for his salary after the appointment of his successor.          P. 601·

2. Where a city has paid to a de facto officer, holding under color of title, salary for the time actually spent in the performance of his duties, such payment is a complete defense to a suit for the same salary by the de jure officer.

P. 601

3. The remedy of the de jure officer is to secure an adjudication of his title to the office, and then sue the de facto officer for the salary which has collected.          P: 602

Appeal from District Court, Bernalillo County; Raynolds, Judge.

Action by Thomas N. Wilkerson against the City of Albuquerque. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. A. KELEHER and GEO. S. DOWNER, both of Albuquerque, for appellant.

THOS. N. WILKERSON, of Albuquerque, pro se.

OPINION OF THE COURT

ROBERTS, J.  Appellee sued the appellant, the city of Albuquerque, for salary as city attorney of the city of Albuquerque from the 17th day of April to the 1st day of August, 1916, and for $26.70 expense alleged to have been incurred in and about the business of the city of Albuquerque.  The complaint, which was in the ordinary form, alleged the appointment and confirmation of appellee as city attorney July 6, 1914, with performance of services under such appointment and failure and refusal of the city to pay.  The city by way of answer admitted the appointment of appellee as city attorney on the date alleged in the complaint, and by paragraphs 3 and 4 of the answer set up the following as a defense:

"(3) That thereafter, on the 17th day of April, 1916, the duly qualified mayor of the city of Albuquerque, elected at the regular election for mayor held in said city April 4, 1916, at the first regular meeting of the city council of said city, following such election, duly nominated W. A. Keleher as city attorney of said city, which said nomination was duly confirmed by the city council, and the said W. A. Keleher thereupon qualified before the said city council as such city attorney, and that thereupon and on said date he entered into and ever since has continued to perform his duties as city attorney of the said city of Albuquerque, and is and ever since has been the duly qualified city attorney of said city.

"(4) That the said W. A. Keleher, continually since the 17th day of April, 1916, has occupied the office of city attorney of the city of Albuquerque, and has performed all of the duties incident thereto, and the defendant city has recognized the said W. A. Keleher as city attorney, and has paid to the said W. A. Keleher the full compensation provided by law to be paid the city attorney of the city of Albuquerque; that the said W. A. Keleher has not been removed by the power appointing him."

The court upon motion of appellee struck out these paragraphs of the answer on the ground that the allegations therein contained were irrelevant and immaterial. A trial was had to the court, and appellant offered to prove the facts set forth in the paragraphs of the answer stricken as stated.  The court deemed these facts immaterial, and refused the proffered proof, and judgment was entered for appellee for the amount claimed.

[1] In this court there is a great deal of argument advanced by appellee to establish the fact that his term of office had not expired at the date of the appointment of Keleher, and it is also contended by him that at least he was de facto city attorney during such period, and consequently he was entitled to the salary claimed. Counsel for the city argue that appellee's term expired with the incoming of the new city administration in April, 1916, and that Keleher was rightly appointed city attorney at that time, and that Keleher was during the period sued for the de jure city attorney in possession of the office and entitled to the emoluments. A determination of this question, however, would necessarily involve a decision as to the title of the office as between Keleher and appellee, and Keleher is not a party to the suit. The right of one to an office he holds under an appointment or election by the proper authorities can be determined only in a proceeding to which he is a party, and cannot be determined in an action by the former occupant for his salary after the appointment of his successor. Walden v. Town of Headland, 156 Ala. 562, 47 South. 79; Dolan v. Mayor, 68 N. Y. 274, 23 Am. Rep. 168; McVeany v. Mayor, 80 N. Y. 185, 36 Am. Rep. 600; Selby v. Portland, 14 Or. 243, 12 Pac. 377, 58 Am. Rep. 307; Commissioners v. Anderson, 20 Kan. 298, 27 Am. Rep. 171; Wayne County v. Benoit, 20 Mich. 176, 4 Am. Rep. 382; McAffee v. Russell, 29 Miss. 97; Parker v. Supervisors, 4 Minn. 59 (Gil. 30) ; Mechem on Public Officers, §§ 330, 332; Throop on Public Officers, 510 et seq. Title to an office cannot be tried collaterally in an action for salary. Van Sant v. Atlantic City, 68 N. J. Law, 449, 53 Atl. 701; Lee v. Mayor, etc., of Wilmington, 1 Marvel (Del.) 40 Atl. 663.

[2] Here appellee's right to recover from the city is necessarily dependent upon the fact as to whether Keleher's appointment was rightfully made by the mayor and city council in April, 1916, and this, of course, involved the title to the office, which could only be determined in an appropriate proceeding, to which Keleher

was a party.  Furthermore, the court was in error in
striking out the paragraphs of the answer as above
stated.  Paragraph 4, which was stricken, stated a. com-
plete defense to the action.  It alleged facts which show
that Keleher was at least the de facto city attorney and
that the city had paid him the salary during the period
for which appellee was suing.  Where a city has
paid to a de facto officer, holding under color of title,
salary for the time actually spent in the performance of
his duties, such payment is a complete defense to a suit
for the same salary by the de jure officer.  Shaw v. Pima
County, 2 Arizona. 399, 18 Pac. 273; Gorman v. Boise
County, 1 Idaho, 655; Brown v. Tama County, 122 Iowa,
745, 98 N. W. 562, 101 Am. St. Rep. 296; Saline County
v. Anderson, 20 Kan. 298, 27 Am. Rep. 171; Michel v.
New Orleans, 32 La. Ann. 1094; Auditors of Wayne Co.
v. Benoit, 20 Mich. 176, 4 Am. Rep. 382; State v. Clark,
52 Mo. 508; State v. Milne, 36 Neb. 301, 54 N. W. 521,
19 L. R. A. 689, 38 Am. St. Rep. 724; Gibbs v. Man-
chester, 73 N. H. 265, 61 Atl. 128; McDonald v. Newark,
58 N. J. Law, 12, 32 Atl. 384; Smith v. New York, 37
N. Y. 518; Dolan v. Mayor, 68 N. Y. 279, 23 Am. Rep.
168; McVeany v. Mayor, 80 N. Y. 185, 36 Am. Rep.
600; Terhune v. Mayor, 88 N. Y. 247; Higgins v. Mayor,
131 N. Y. 128, 30 N. E. 44; Martin v. City of New York,
176 N. Y. 371, 68 N. E. 640, affirming 82 App. Div. 35,
81 N. Y. Supp. 412; Stemmler v. Mayor, 179 N. Y. 473,
482, 72 N. E. 581, affirming 87 App. Div. 631, 84 N. Y.
Supp. 1147; Van Valkenburg v. Mayor, 49 App. Div.
208, 63 N. Y. Supp. 6; Douglas v. Board of Education,
21 App. Div. 209, 47 N. Y. Supp. 435; Grant v. City of
New York, 111 App. Div. 160, 97 N. Y. Supp. 685; Steu-
benville v. Culp, 38 Ohio St. 18, 43 Am. Rep. 417; Chand-
ler v. Hughes County, 9 S. D. 24, 67 N. W. 946. And
see note to case of People ex rel. Sartison v. Schmidt, L.
R. A. 1918C, 370.

[3] The remedy of the de jure officer is to secure an
adjudication of his title to the office, and then sue the
de facto officer for the salary which he has collected.

For the foregoing reasons the court was in error in entering judgment for appellee. The cause will be reversed and remanded to the district court for further proceedings in accord with this opinion; and it is so ordered.

PARKER, C. J., and HICKEY, District Judge, concur.

On motion for Rehearing.

ROBERTS, J. In his motion for rehearing and brief in support thereof appellant contends that the court was in error in quoting paragraphs 3 and 4 from the amended answer, stating that the amended answer was superseded by a second amended answer; that the allegations in such second amended answer were in some respects different from those contained in paragraphs 3 and 4 of the answer quoted in the original opinion; that the court did not strike out these paragraphs of the second amended answer, but only a small portion of one of such paragraphs. Appellee is mistaken as to what the record shows. Appellant did file a second amended answer as stated by appellee, but appellee moved to strike out the entire pleading, and his motion was sustained by the court, so that the case was tried upon the answer, from which paragraphs 3 and 4 were stricken, as stated in the original opinion.

We are satisfied with the views expressed in that opinion, and the motion for rehearing will be denied; and it is so ordered.

PARKER, C. J., and HICKEY, District Judge, concur.