Frank A. Gulotta, J.
Petitioner, a Nassau County Police Lieutenant, was dismissed from the force on October 24, 1961, after a hearing. An article 78 proceeding was thereafter instituted in this court and transferred to the Appellate Division pursuant to section 1296 of the Civil Practice Act. On February 11, 1963 that tribunal modified the determination of the Commissioner of Police by reducing the punishment to a three-month suspension which expired on January 24, 1962, and on April 3, 1963, the petitioner was reinstated only to be immediately suspended on other charges, which again resulted in his dismissal by the Commissioner on April 30, 1963.
This application seeks to compel the County of Nassau to pay the petitioner his back pay from the end of the first suspension period to the date of his actual reinstatement, less any sums earned by him from outside employment during that period.
While both parties allude to the April 30 date as the cut-off point, the court may only concern itself on this application with *904 the period which ended with the lieutenant’s reinstatement on April 3. The subsequent happenings relate to other matters which were not before the court and are the subject of a new proceeding now pending before the Appellate Division.
The county contends that the petitoiner is entitled to back pay only for the period commencing with the date of the Appellate Division order, citing Matter of Mitthauer v. Patterson (13 A D 2d 696) to substantiate its position. However, the report of that case sheds no light on this precise proposition. Matter of Dunning v. Patterson (19 A D 2d 539), citing Mitthauer, seems to sustain the county, but unless there is a special rule governing employees of the Transit Authority, it is difficult to reconcile this decision with the plain directions of section 77 of the Civil Service Law which are to the contrary and read as follows: ‘ ‘ Any officer or employee who is removed from a position in the service of the state or of any civil division thereof in violation of the provisions of this chapter, and who thereafter is restored to such position by order of the supreme court, shall be entitled to receive and shall receive from the state or such civil division, as the case may be, the salary or compensation which he would have been entitled by law to have received in such position but for such unlawful removal, from the date of such unlawful removal to the date of such restoration, less the amount of compensation which he may have earned in any other employment or occupation and any unemployment insurance benefits he may have received during such period.” (Italics supplied.)
The argument is made that because section 77 was derived from former section 23 of the Civil Service Law which in 1935 was amended to provide, for the first time, for the payment of back pay, and since subdivision 5-a of section 1296 of the Civil Practice Act was added in 1955, empowering the court for the first time to review the ‘‘ measure of punishment” in this type of proceeding, section 77 could not have been intended to apply where punishment is changed or reduced by court decree. However, this argument overlooks the fact that the Civil Service Law was completely revamped and recodified in 1958, and present section 77 was adopted by the Legislature with section 1296 (subd. 5-a) in full force and effect and they must be presumed to have intended to apply it to existing law. Furthermore, when a court decides that dismissal should be changed to a suspension, is it not necessarily deciding that the dismissal was a violation of the employee’s rights?
Dealing with a case involving the Nassau County Police Department, Matter of Bush v. Beckmann (283 App. Div. 1070) *905 contains the statement: ‘ ‘ Unless and until petitioner is reinstated, he is not entitled to back pay. (Van Valkenburgh, v. Mayor, 49 App. Div. 208; Civil Service Law, § 22, subd. 2; § 23.) ”
The “ reinstatement ” talked of however must refer to a court reinstatement as well as to an employer reinstatement, since it would be unrealistic to conclude that an employer could nullify a court order by simply refusing to obey it.
This is reinforced by the citation, since Van Valkenburgh, merely held that plaintiff could not try out his right to a position by suing for back pay where he had procured no prior court determination that he was entitled to the position. It was also pointed out that in O’Hara v. City of New York (46 App. Div. 518) plaintiff was held to be entitled to his back pay only because he had first procured reinstatement by a writ of peremptory mandamus.
This same result was reached in Matter of Brady v. Greene (249 App. Div. 666) with respect to an employee in the State civil service.
The application is granted to the extent of ordering the county to pay the petitioner his back pay from January 24, 1962 to April 3, 1963, less any sums earned by him from outside employment during that period. If the parties cannot agree on the amount, the matter is referred to Special Term, Part II, for a hearing to determine the amount.