HIRAM G. MCMILLIN v. DE FOREST RICHARDS.

FILED SEPTEMBER 18, 1895. No. 7132.

1. **Office and Officer:** ACTION FOR EMOLUMENTS: PROOF. In an action against a *de facto* officer to recover the fees and emoluments of the office received by him during his incumbency thereof, the plaintiff, in order to recover, must establish that he is the *de jure* officer. *Richards v. McMillin*, 36 Neb., 352, followed.

2. ———: ———: PLEADING. Plaintiff must allege in his petition such facts as show that the strict legal title to the office is vested in him.

3. ———. An officer *de jure* is one who is clothed with the full legal right and title to the office; in other words, one who has been legally elected or appointed to an office, and who has legally qualified himself to exercise the duties thereof according to the mode prescribed by law.

4. ———: APPROVAL OF OFFICIAL BONDS. Under the statute of this state which provides that the official bonds of all county officers, except county commissioners and supervisors, shall be approved by the county board, the approval to be indorsed on the bond, and that no bond shall be filed and recorded until so approved, where the bond of a county treasurer is not accepted and approved by the county board, but is rejected, such person is not a *de jure* officer.

5. Mandamus: APPROVAL OF OFFICIAL BONDS. Where an official bond, sufficient in form and substance, on being tendered for approval by one having a *prima facie* title to the office, is rejected, the appropriate remedy for the party is *mandamus* to compel the proper officer or board to accept and approve his bond. (*State v. Lynn*, 31 Neb., 770 ; *State v. Plambeck*, 36 Neb., 401.)

ERROR from the district court of Dawes county. Tried below before KINKAID, J.

*C. H. Bane* and *D. B. Jenckes*, for plaintiff in error.

*Albert W. Crites, contra.*

NORVAL, C. J.

This was an action by plaintiff in error against defendant in error to recover the fees and emoluments of the office of county treasurer of Dawes county during defendant's incumbency thereof as treasurer *de facto.* From a judgment in favor of the plaintiff the defendant prosecuted a petition in error to this court, where a judgment of reversal was entered and the cause remanded to the district court for further proceedings therein on March 1, 1893. (See *Richards v. McMillin*, 36 Neb., 352.) After said reversal, an amended petition was filed in the district court, to which the defendant interposed a general demurrer, which

McMillin v. Richards.

was sustained by the court, and the plaintiff electing to stand on his pleading, the action was dismissed.    Plaintiff prosecutes error.

The plaintiff for cause of action alleges, in substance :

1. .That on the 27th day of June, 1885, at the first election held in Dawes county, he was elected county treasurer ·of said county and on the 11th day of the following month he filed his bond as required by law, which was duly approved by the county board, and that he took the oath of ·office and entered upon the discharge of the duties of county treasurer.

2. That at the general election held in said county on November 3, 1885, the defendant De Forest Richards, being a candidate for the office of county treasurer, received ·a majority of the votes cast for said office, and received his certificate of election from the county clerk.

3. That on November 20, 1885, plaintiff instituted pro-ceedings in the county court to contest the election of de-fendant, on the ground of ineligibility at the time of said election, and that said election was null and void, which judgment, on being appealed to the district court, was af-firmed at the February, 1888, term thereof, and still re-mains in full force and effect.

4. That under the judgment of the county court plaint-iff continued to hold, occupy, and discharge the duties of county treasurer of said county, "and that on, to-wit, the 17th day of January, 1886, said date being within ten days from the time when said Richards would have been obliged to qualify as such county treasurer under the stat-utes, if eligible to said office, plaintiff made out and tend-ered to said board of county commissioners of Dawes county a new bond as such county treasurer, with good and sufficient security thereto, for their approval, and said plaintiff took and subscribed to the oath of office thereon as provided by law, and in all respects complied fully with all the requirements as provided by law, and was eligible

to said office and is eligible to fulfill the duties of said office; and that said board of county commissioners, believing at the time said plaintiff tendered his bond and oath of office as hereinbefore recited that they had appointed the defendant as treasurer of said county, refused to approve and accept the said bond and oath of office of the plaintiff."

5. The plaintiff legally held over his said office and was entitled to, and it was his duty to exercise the functions of said office and to receive the fees and emoluments thereof until his successor should be elected and qualified, and that the term which the plaintiff held over did not expire until the first Thursday after the first Tuesday in January, 1888.

6. That on January 9, 1886, the board of county commissioners declared the office of county treasurer vacant, and appointed the defendant to fill the same.

7. That defendant obtained possession of the tax lists of the county, exercised the powers and duties of the office, and received the fees and emoluments thereof and kept the plaintiff therefrom. That plaintiff has repeatedly demanded from the defendant said office and the books, papers, and moneys belonging thereto, with which demand the defendant refused to comply.

8. The fees and emoluments of said office received and kept by the defendant from the time he entered upon the duties thereof until the end of said term amounted to $1,757.20.

9. That plaintiff was ready, willing, and at all times desirous to perform the duties pertaining to said office during the period he was deprived thereof by defendant.

10. The plaintiff made demand of the defendant for said sum of $1,757.20, but payment was refused.

Upon the former hearing it was held, substantially, that in an action against a *de facto* officer to recover the emoluments of a public office received by the defendant during his incumbency thereof the plaintiff will not be entitled to

recover, unless it be established that he is the *de jure* officer; and further, that the evidence failed to disclose that plaintiff herein is an officer *de jure*, in that there was an entire lack of evidence that he qualified as a hold-over officer within the period fixed by statute. It being essential that the plaintiff in an action like this prove he is the *de jure* officer, it follows that he must aver such facts in his petition as show him to be one. Has McMillin done so in this case? The only substantial difference between the original petition, the one on which the cause was first tried, and the amended pleading now before us, is the allegation quoted above, from which it appears that plaintiff, on January 17, 1886, executed and tendered to the county board a bond as a hold-over officer, and took and subscribed the oath of office, and that said county board refused to accept and approve said bond. We do not believe the giving of the bond and the taking of the oath prescribed by law alone were sufficient to invest in the plaintiff the legal title to the office of the county treasurer, or to constitute him a *de jure* officer. An officer *de jure* is one who is clothed with the full legal right and title to the office; in other words, one who has been legally elected or appointed to an office, and who has qualified himself to exercise the duties thereof according to the mode prescribed by law. (19 Am & Eng. Ency. of Law, 394; *Plymouth v. Painter*, 17 Conn., 585; *City of Philadelphia v. Given*, 60 Pa. St., 136; *Kimball v. Alcorn*, 45 Miss., 151.) While it appears from the averments made in the amended petition which the defendant by his demurrer admits to be true, the plaintiff filed his bond as a hold-over officer with the county board, yet the same was never approved by said board, but was rejected by them. Section 7 of chapter 10, Compiled Statutes, requires the official bonds of all county officers, except county commissioners and supervisors, to be approved by the county board, and section 11 of said chapter provides that such approval shall be indorsed upon the bond by the approving officer,

and that no bond shall be filed and recorded until so approved. As we construe the statute, plaintiff was not a *de jure* officer, nor qualified to perform the duties of the office until the bond he presented was duly approved. Simply taking the oath and filing the bond prescribed by law, it is obvious, were not sufficient to entitle the plaintiff to legitimately perform the duties of county treasurer. Manifestly, it was the intention of the legislature that a county officer elect should not enter upon the duties of his office until his bond and the sureties thereon have been approved by the proper officer or board. Without such approval, plaintiff is not a *de jure* officer, and, therefore, cannot maintain the action.

*State v. Lewis*, 10 O. St., 128, was a proceeding by *quo warranto* to determine the right of the relator and respondent to the office of sheriff of Marion county. The relator was elected to succeed the respondent and tendered to the proper officers a good and sufficient bond, which they declined to accept and approve because it was claimed the same was not presented in time. The court, in the opinion, observe: "He [relator] was not authorized to enter upon the duties of his said office and oust the defendant, until his official bond had been accepted and approved by the county commissioners. If the bond was, in fact, rejected by them, though for an insufficient or improper reason, the sureties in that bond could hardly be held responsible for his subsequent official delinquencies. If the facts stated in the information are true, he should have applied for *mandamus* to compel the county commissioners to accept and approve his bond instead of proceeding by *quo warranto* against the former incumbent, who rightfully retains the office until his successor has been, in all respects, qualified to assume its duties. For these reasons the present application must be refused."

In *State v. Lynn*, 31 Neb., 770, which was *quo warranto* to oust the respondent from the office of justice of the peace

and to install the relator therein, the court uses this lan-
guage: "The relator's bonds were both filed within the
ten days required by statute. The cause for failing to ap-
prove the same is not shown. It must be presumed that a
sufficient cause existed to justify the action of the county
board, although the action of that board has somewhat the
appearance of being arbitrary; but we cannot determine
that matter in this action. The remedy of the relator,
upon filing a good and sufficient bond with the county clerk,
and upon taking the oath required by law, within the time
limited, was to proceed by *mandamus* against the board to
compel the approval of the bond. The board can then be
heard in its own defense, and unless adequate cause was
shown for its rejection of the bond, it will be compelled
to approve the same. The bond has no force or validity
until approved, because the party required by statute to ap-
prove the same refuses to accept it as a sufficient bond."

If the approval of a bond by the proper authority is in-
dispensable to the complete qualification of an officer so as
to entitle him to maintain an action to recover the office by
*quo warranto*, it would seem clear then, by a parity of
reasoning, that such actual approval is also necessary to
authorize such officer to recover the compensation attaching
to the office, since, as ruled in the former opinion, the right
to the emoluments of an office depends upon the strict legal
title to the office. The plaintiff, upon the failure of the
county board to accept and approve his bond, could have
applied for a writ of *mandamus* to compel it to do so.
But it is said in the brief that the board having already
approved the bond of Richards, an application for a writ
of *mandamus* would have been unavailing, inasmuch as the
writ may not issue to control the discretion of an officer,
and, further, such a proceeding would have involved the
question of the title of the office, and this cannot be tried
in such an action. There is no allegation in the petition
that Richards ever gave a bond, much less that the board

ever approved it. From the record before us, if plaintiff was legally entitled to the office, the approval of his bond would not have been discretionary with the board, inasmuch as it is alleged, and by the demurrer admitted to be true, that the bond was in due form and executed by sufficiently competent sureties. Although *mandamus* is not the appropriate action to try the title of an office, yet in an application for such a writ to compel the approval of an official bond of the relator sufficient inquiry may be made to ascertain whether he has a *prima facie* right or title to the office. A party having such a title has the right to have his bond, if sufficient, approved. This was expressly decided in *State v. Plambeck*, 36 Neb., 401. The conclusion reached makes the consideration of the other questions argued by counsel wholly unnecessary. The judgment is

AFFIRMED.