### No. 9296.

### FARR *v.* NEELEY

1. *Office—Fees.* A *de facto* officer who, acting in the office has collected the fees or salary thereof, is liable therefor to the officer *de jure.*

2. *Official Oath.*  Though the officer *de jure* fails to take the oath of office until this court has determined his title to the office, he is nevertheless in the meantime an officer *de jure.*

*Error to Huerfano District Court, Hon. A. C. McChesney, Judge.*

*Department One.*

Mr. CHARLES HAYDEN, for plaintiff in error.

Messrs. HENDRICK, RALSTON and HENDRICK, for defendant in error.

Opinion by Mr. Justice Teller.

THE defendant in error brought suit against the plaintiff in error to recover the fees which the latter had collected while exercising the duties of the office of sheriff of Huerfano County, to which office this court adjudged defendant in error was entitled (*Neeley v. Farr,* 61 Colo. 485, 158 Pac. 458, Ann. Cas. 1918, A. 23).

The answer alleges that defendant collected said fees while holding office in good faith, under a certificate of election duly issued to him; and that they were paid to him for services rendered, and which he was required by law to perform; also that plaintiff did not qualify prior to July 17, 1916, when defendant vacated said office; and that plaintiff earned none of the fees claimed.

On plaintiff's motion judgment was entered on the pleadings.

This action of the court is assigned as error.

In *Drach v. Leckenby,* 64 Colo. 172, 546 Pac. 424, L. R. A. 1918, 576, this court held that the fees of an office were an incident thereto, and, hence, they belong to the one who is entitled to the office.  That being so, a *de facto* officer who has collected fees or salary as an incident to the office is liable to the *de jure* officer in an action for their recovery. The right of recovery in such a case is asserted in *Morris v. People,* 8 Colo. App. 375, 46 Pac. 691, and in many cases from other jurisdictions.

We cannot agree with plaintiff in error that, because defendant in error did not take the oath of office until this court determined that he was entitled to it, he was not in the meantime the *de jure* officer. The authorities are to the contrary.

"To hold that the injured party must qualify as a condition precedent to his right of action against the intruder, would be to allow the wrong doer to take advantage of his own wrong; for, having secured the certificate of election to which he was not entitled, he has deprived his competitor of the only evidence which would entitle him to qualify and be inducted into office." *Booker v. Donohue*, 95 Va. 359.

To the same effect, see Throop on Public Officers, Sec. 172 and 522.

There was no error in entering judgment for the plaintiff, and the judgment is accordingly affirmed.

Judgment affirmed.

Chief Justice Garrigues and Mr. Justice Burke concur.