THE STATE ex rel. CARL C. ABINGTON v. GEORGE D. REYNOLDS et al., Judges of St. Louis Court of Appeals.

In Banc, January 26, 1920.

1. **COLLECTOR: Commissions: Title to Office.** In a suit by a county collector for commissions on taxes collected by a township collector after township organization has been discontinued, the plaintiff's title to the county office, unless admitted, must previously have been established by a separate proceeding, as a condition precedent to his right to recover; but if his appointment, qualification and title to and induction into the office are affirmatively pleaded in his petition and admitted by motion for judgment on the pleadings, he can maintain his action for the commissions, without resorting to a separate suit to establish his title. [Distinguishing Hunter v. Chandler, 45 Mo. 452.]

2. **PLEADING: Motion for Judgment: Admissions.** Upon a filing of a motion for judgment on the pleadings, the mover admits the truth of all facts well pleaded by the opposite party.

3. **COUNTY COLLECTOR: Title Established: Refuson to Approve Bond: Fees.** An appointee of the Governor, who has the legal title to the office of county collector, but fails to obtain possession of it for no fault on his part, but because of the unauthorized refusal of the county court to approve his bond, is entitled to the fees of the same, and to sue for and recover the fees collected by another during the time he was wrongfully deprived of the office. Compensation is an incident to the title, and belongs to the *de jure* officer.

4. ———: **De Facto Officer: Township Collector.** When the office of township collector was abolished, the occupant of the office became a mere intruder, for there being no *de jure* office there could be no *de facto* officer.

5 ———: **De Jure Officer: Before Approval of Bond.** The refusal of the county court to approve the sufficient bond of a person who

under the Constitution and the statute is entitled to the office of county collector does not alter his status as a *de jure* officer. The words of the statute requiring him to give a bond "to the satisfaction of the county court" simply mean that he shall give such a bond as the law requires, and where such a bond is tendered the court cannot by refusing to approve it deprive him of the emoluments of the office.

*Certiorari.*

RECORD QUASHED.

*Sam M. Phillips, Ed. L. Abington* and *W. T. Rutherford* for relator.

(1) It is well settled that a cause must be heard and determined in the appellate court upon the same theory as that upon which it was tried in the court below. St. Louis v. Wright Contracting Co., 210 Mo. 502; Walker v. Owen, 79 Mo. 563; Minton v. Steele, 125 Mo. 181; Dice v. Hamilton, 178 Mo. 81; Meyer Bros. Drug Co. v. Bybee, 179 Mo. 354. (2) The judgment and opinion of the St. Louis Court of Appeals is in conflict with the following decisions of the Supreme Court of Missouri, to-wit: State ex inf. v. Harwell, 265 Mo. 26; Mayes v. Palmer, 206 Mo. 297; State ex rel. v. Clark, 52 Mo. 508; State ex rel. v. Gordon, 245 Mo. 28; Ex parte Bob Snyder, 64 Mo. 58; State v. O'Brian, 68 Mo. 153; State ex rel. v. Seibert, 130 Mo. 222; Deiner v. Chronicle Publ. Co., 230 Mo. 630; State ex rel. v. Wright, 251 Mo. 325; Mulbry v. McCann, 95 Mo. 579; State ex rel. v. Draper, 48 Mo. 215; Henderson v. Koenig, 192 Mo. 690. (3) The judgment and opinion of the Court of Appeals is in conflict with the following decision of the Supreme Court of the United States: Norton v. Shelby Co., 118 U. S. 425. (4) The judgment and opinion of the Court of Appeals is in conflict with the following decisions of this court, to-wit; State ex rel. v. Stone, Treas., 269 Mo. 344; Titus v. Development Co., 264 Mo. 249; Wilson v. Drainage Dist., 257 Mo. 283; Davidson v. Real Est. & Inv. Co., 249 Mo. 503; Landis v. Hamilton, 77 Mo. 554; Wood v. Ensel, 63 Mo. 193-4; Strong v. Phoenix Ins. Co.,

62 Mo. 299; Harvel v. Turner, 46 Mo. 448; State to
use v. Coste, 36 Mo. 437-8., (5) Both relator and Har-
well were bound by the decision and judgment of this
Court in State ex inf. Attorney-General v. Duncan,
265 Mo. 26. See Titus v. Development Co., 264 Mo.
248; State ex rel. v. Stone, 269 Mo. 344; Wilson v.
Drainage Dist., 257 Mo. 283; Davidson v. Real Est.
& Inv. Co., 249 Mo. 502; Landis v. Hamilton, 77 Mo.
565; Wood v. Ensel, 63 Mo. 192. (6) Absent a *de jure*
office there cannot be a *de facto* officer. Norton v.
Shelby Co., 118 U. S. 425; Kavanaugh v. Gordon, 244
Mo. 719; State ex rel. v. Nast, 209 Mo. 722; Ex parte
Snyder, 64 Mo. 58; State v. O'Brian, 68 Mo. 153. (7)
As a part of the general history of this State its courts
will take judicial notice of the tenure of office of local
officials. 16 Cyc. 869, 900; State ex rel. v. Seibert, 130
Mo. 221. (8) Courts judicially notice appointments to
office by the Governor of the State, the date of acces-
sion to and the term of office. 16 Cyc. 901, 902; Mayes
v. Palmer, 206 Mo. 298, 299; Bristol v. Fischel, 81
Mo. App. 367; Deiner v. Chronicle Pub. Co., 230 Mo.
630; State ex rel. v. Wright, 251 Mo. 325.

*L. M. Henson* and *Sheppard & Sheppard* for re-
spondents.

(1) Where, on a *certiorari*, it appears that the de-
cision of the Court of Appeals complained of was not
in conflict with any prior ruling of the Supreme Court,
regardless of whether the decision of the Court of Ap-
peals was right or wrong, it is beyond the reach of the
Supreme Court. Arel v. Farrington, 272 Mo. 157; State
ex rel. Heinie Safety Boiler Co. v. Robinson, 188 S.
W. 101. (2) On a *certiorari* to review an opinion of
the Court of Appeals where it is alleged to be in con-
flict with a prior ruling of the Supreme Court, only
matters of record and facts stated in the opinion of
the Court of Appeals will be reviewed by the Supreme
Court. State ex rel. Wahl v. Reynolds, 272 Mo. 588;
State ex rel. Regis v. Reynolds, 200 S. W. 1039. (3)
It is claimed by relator that the case of State ex inf.

Attorney General v. Duncan, 265 Mo. 49, passed upon the rights of the relator to said office. Respondent says that the opinion in that case did not pass upon relator's rights to hold the office, nor could it have done so. The only point which may be determined in a *quo warranto* proceeding, instituted by the Attorney-General upon his own information, is the right of respondent to the office. No inquiry can be made into the right of any other person to said office. Relator was not a party to the record in that case, and could not have been, because said proceeding was instituted upon the information of the Attorney-General and not at the relation of anyone. Therefore, relator's right to said office was not, and could not have been, determined in said proceeding. Hunter v. Chandler, 45 Mo. 452; Stat ex rel. v. Gordon, 245 Mo. 30; Mullery v. McCann, 95 Mo. 582; State ex rel. v. Vail, 53 Mo. 97; State ex rel. v. Townsley, 56 Mo. 107; State ex rel. v. Ross, 161 Mo. App. 671. (4) The sole question passed upon in the opinion of the St. Louis Court of Appeals was whether or not the relator herein was entitled to the fees of the office of County Collector of Butler County prior to the 15th day of April, 1915, the date on which his bond as such collector was approved by the county court. The Court of Appeals in its opinion held that he was not. In this holding we contend that court was correct, and it is not in conflict with any decision of the Supreme Court of this State for the reason that this question has never been passed upon by the Supreme Court. Secs. 11434, 11440, R. S. 1909; 29 Cyc. 1387; 23 Am. & Eng. Ency. Law, 361; McMillin v. Richards, 45 Nebr. 791; Ex parte Craig, 130 Mo. 590; Dickerson v. City of Butler, 27 Mo. App. 9; Stuhr v. Curran, 44 N. J. L. 181; State v. Carroll, 38 Conn. 449; Hunter v. Chandler, 45 Mo. 452; Sec. 11684, R. S. 1909. (5) The commission issued by the Governor upon his appointment of the relator to the office of county collector, was merely prima-facie evidence of his title to that office. 29 Cyc. 1373; State ex rel. v. Steers, 44 Mo. 223.

29—280 Mo.

WALKER, C. J.—*Certiorari* to the St. Louis Court of Appeals to quash its record in Abington, Appellant, v. Harwell, Respondent, designated hereinafter as the "original action." The appellant, who was at the time Collector of the Revenue of Butler County, sued the respondent for money had and received, consisting of commissions on taxes collected by the latter to the former's use. At the close of a jury trial the court sustained a general demurrer to appellant's evidence and directed a verdict for the respondent. An appeal to the St. Louis Court of Appeals resulted in an affirmance of the judgment of the trial court. The writ herein was thereupon invoked on the ground that the ruling of the Court of Appeals was in conflict with certain decisions of this court.

The facts, as disclosed by the opinion, are that Harwell had in March, 1913, been elected Township Collector of the Revenue of Poplar Bluff Township in Butler County, then under township organization. At the general election held November 3, 1914, the continuance of township organization was, under the provisions of Section 11745, Revised Statutes 1909, submitted to the voters of that county, with the result that a "majority of all the votes cast on the question was against its continuance."

On November 28, 1914, the Governor, acting under the authority of Section 5828, Revised Statutes 1909, and Section 11 of Article V. of the State Constitution in regard to the filling of vacancies in office, appointed and commissioned Abington Collector of the Revenue of Butler County. The county court of that county on December 1, 1914, under a provision of Section 11745, supra, appointed one Duncan Collector of the Revenue of said county, who qualified by taking the oath of office and tendering an official bond which was accepted by the county court, but he never attempted to exercise any of the duties of the office. On the same day Abington presented to the county court a bond as Collector of the Revenue of said county. The court refused to approve the same on the ground that the

power to appoint a collector was lodged by the stat-
ute (Sec. 11745) in the county court and not in the
Governor. On December 17, 1914, Abington executed
and submitted to the county court a new bond as Col-
lector of the Revenue of said county in the sum of
$125,000, the approval of which was refused by the
county court on the sole ground, as before, that the
appointment made by. the Governor was unauthorized.
The only difference between the two bonds was that the
second was $5,000 larger in amount than the first.

During the time intervening between the election
for the discontinuance of township organization in said
county in November, 1914, and the ruling of the Su-
preme Court in State ex inf. Attorney General v. Dun-
can, 265 Mo. 26, on April 2, 1915, in disregard of the
appointment of Abington by the Governor and the at-
tempted appointment of Duncan as county collector by
the county court, Harwell and the other township col-
lectors continued in the exercise of the duties of the
offices of township collectors in said county, and it is
for the recovery of the amount of the commissions on
collections made by said Harwell during that time and
retained by him that the original action herein was
brought by Abington.

In December, 1914, the Attorney-General instituted
in the Supreme Court a proceeding by *quo warranto*
to determine the right of Duncan to the office of county
collector, and that of Harwell and others named to the
offices of township collectors of Butler County. This
is the action heretofore referred to as State ex inf. At-
torney General v. Duncan. It was held in that case
that the provision in Section 11745 requiring an
affirmative vote of "all those voting at an election
to discontinue township organization" was invalid as
in contravention of the constitutional provision (Section
9, Article 9) which requires only "a majority vote of
all of the votes cast upon the question" to discontinue
this form of county government; as a consequence of
this ruling, the returns showing that a majority of the
votes cast on the question were against township or-.

ganization, it was held to have been thereby discontinued; and it was further ruled that the county court, notwithstanding the provision of Section 11745, supra, attempting to empower it so to do, was not authorized to appoint a county collector because of the contravening constitutional provision (Section 11, Article 5) and the statute (Sec. 5828, R. S. 1909) in conformity therewith, which invest the Governor with this power; that upon the discontinuance of township organization Harwell and the other township collectors were divested of authority to act as such; and it appearing that the Governor had exercised the power conferred on him by the appointment of Abington as Collector of the Revenue of said county, that the latter was entitled to said office, and a writ of ouster was directed to issue against all of the respondents named in said proceeding, which included Duncan and Harwell. Following this ruling of the Supreme Court the county court, on the 15th day of April, 1915, approved the second bond of Abington as collector theretofore submitted to it, and he entered upon the discharge of the duties of the office.

The Court of Appeals held that Abington was not authorized to sue for and recover from Harwell commissions retained by the latter on taxes collected by him during the time intervening between Abington's appointment and induction into office. Hunter v. Chandler, 45 Mo. 452 is cited in support of this conclusion. In that case a demurrer to the petition had been sustained by the trial court. In reviewing this ruling we held, it appearing from the petition that Hunter was not at the time in possession of the office, that his title thereto should have been established in a separate proceeding as a condition precedent to his right of action for the fees of same. This conclusion was but an application of the general rule that a right of action in any case is dependent upon it appearing from the petition that the plaintiff has a substantial interest in the matter in controversy. Where the matter involved is the fees of an office it must appear that the plaintiff's

title to the office has been determined. With the correctness of this conclusion under the facts in that case we have no controversy. The vexing question is whether the allegations of Abington's pleadings, as disclosed in the opinion of the Court of Appeals, show that his title to the office had been determined at the time of the institution of the original action.

Preliminary to a discussion of the sufficiency of the petition, it is pertinent to say that the elementary rule which the Court of Appeals ignored should have been applied, that upon the filing of a motion for a judgment on the pleadings, as was done in this case, the mover admits, either directly or impliedly, the truth of all facts well pleaded by the opposite party. [State ex inf. Hadley v. Railroad, 237 Mo. l. c. 346; State ex inf. v. Goffee, 192 Mo. 670; State ex rel. Attorney General v. Simmons Hardware Co., 109 Mo. l. c. 123.]

It will be sufficient to say, without setting forth the petition at length, that the appointment, qualification and induction into office of Abington as collector of Butler County is affirmatively pleaded therein, and that he was in the possession and exercise of the duties of the office at the time of the institution and prosecution of the original action. This being true, his title to the office, as evidenced by the express declaration to that effect in the opinion rendered by this court in the *quo warranto* proceeding of State ex rel. Attorney General v. Duncan, supra, need not, except as an affirmative judicial recognition of such title, be held to be determinative of his right to institute the action for the recovery of his fees. That right was sufficiently determined by the admitted declarations of his pleadings, and instead, therefore, of the case of Hunter v. Chandler sustaining the conclusion reached by the Court of Appeals, it is, under the facts in the original action, an authority to the contrary, in that if it had been shown therein, as it was in the original action, that the plaintiff was in possession of and entitled to the office, his right to the action for the fees of same would have been upheld instead of denied. The Court of

Appeals opinion, therefore, while not in this particular in direct contravention of our ruling in Hunter v. Chandler, supra, is contrary to its spirit and purpose and fails to correctly limit its application to one suing to recover fees who is not an incumbent of the office. Where, therefore, the party sued, as in the original action, admitted not only the plaintiff's title to but his possession of the office, what principle of justice or private right demands, as a prerequisite to his right to sue for the fees of such office, that he shall establish his title to same in a separate proceeding? A fact established needs no procedure or proof for its further establishment, and the separate proceeding required by the Court of Appeals ruling would have served no substantial purpose in the administration of justice. Its only effect would have been to impose an onerous and unnecessary prerequisite upon the plaintiff.

Abington's right of action having been established by the admission of the truth of his pleadings, a discussion as to the effect, except as stated, of the *quo warranto* proceeding instituted by the Attorney General (State ex rel. v. Duncan, supra) may be eliminated as unnecessary to a determination of the matter at issue. The regularity of Abington's appointment and commission and that he pursued the course directed by the statute to authorize him to be inducted into the office are conceded; his failure, therefore, to secure the possession of same was not due to his neglect or remission, but the unauthorized refusal of the county court to approve his bond made and executed as the law required. It follows as a necessary consequence of these facts that upon his submission to the county court of the required bond on December 17, 1914, he became the *de jure* collector of the revenue of the county and as such entitled to the fees of same (Auditor v. Menominee Co., 89 Mich. 552, 51 N. W. 483; Hamlin v. Kassafer, 15 Ore. 456, 3 Am. St. R. 176; McMillin v. Richards, 45 Neb. 786, 64 N. W. 242; Stott v. Chicago, 205 Ill. 281, 68 N. E. 736; People v. Staton, 73 N. C. 546); and upon his induction into the office

on the 15th of April, 1915, he was authorized to sue for and recover any fees collected by another from the time he became entitled to such fees of which he had been deprived through no fault of his. In ruling to the contrary the Court of Appeals contravened the opinion of this court in State ex rel. Evans v. Gordon, 245 Mo. l. c. 28, in which we held it to be settled law that compensation is an incident to the title to an office and that it belongs to the *de jure* officer, who may, upon establishing his title thereto, recover the fees of same from a *de facto* officer who has received them. The rule should and does apply with more strictness to one who has usurped an office belonging to another and has received the fees of same. [Mayfield v. Moore, 53 Ill. 428, 5 Am. Rep. 52; Glascock v. Lyons, 20 Ind. 1, 83 Am. Dec. 299; 22 R. C. L. title "Public Officers." sec. 244.]

There is no claim here of a *de facto* incumbency of the office. Harwell was a mere intruder. The office of township collector had been abolished, and there being no *de jure* office there could be no *de facto* officer. [Ex parte Snyder, 64 Mo. l. c. 62; State v. O'Brian, 68 Mo. l. c. 154; State ex rel. Board of Education v. Nast, 209 Mo. l. c. 723.]

The conclusion of the Court of Appeals that Abington did not become an officer *de jure* until his bond had been approved by the county court is without merit. Sections 11434 and 11440, Revised Statutes 1909, which define the conditions of a collector's bond, are cited in support of this conclusion in that they require that such bond shall be given "to the satisfaction of the county court." This simply means that such a bond shall be given as the law requires and such requirements are clearly defined in the statute. It is conceded that they were in this instance fully complied with and the record affirmatively shows that the reason assigned by the court for its refusal to approve the bond was wholly unauthorized. The logic or lack of same of the conclusion is, therefore, that it results in the denial of a conceded right for an unauthorized reason.

Contravening, as the Court of Appeals opinion does, the rulings of this court as to the effect of a general demurrer or a motion for a judgment on the pleadings and in regard to the right of the relator to sue for the fees herein, it follows that its record should be quashed and it is so ordered.

*Graves, Williams* and *Williamson, JJ.,* concur; *Blair* and *Goode, JJ.,* concur in result; *Woodson, J.,* not sitting.