139 So. 358

## BOARD OF REVENUE et al. v. JANSEN.

### l Div. 707.

Supreme Court of Alabama.
Jan. 28, 1932.

Gordon, Edington & Leigh, of Mobile, for appellants.

V. R. Jansen, of Mobile, for appellee.

FOSTER, J.

We are not here in any respect concerned with the value to the county of the amendment to section 402, Code, effected by House Bill 429, Legislature 1931 (Gen. Acts 1931, p. 293). The only question submitted to us on this appeal is whether said amendatory act of 1931 is in violation of section 45, Constitution, in respect to its title. The title is in effect only that section 402 (as previously amended) is thereby amended, not giving a suggestion as to the nature of the proposed amendment. Section 402, Code, dealt only with assistants to the probate judge in respect to his duties, in other sections provided, to prepare a list of the qualified electors by precincts and in alphabetical order and furnish it to the election inspectors. It also provided for the compensation of the assistants, and that in counties having more than 150,000 population the chairman of the board of registrars shall also assist the probate judge in all matters pertaining to the registration of voters and election matters when called upon by such probate judge. An amendment by the Legislature of 1927 eliminated the duty of the chairman of the board of registrars in such counties to render assistance when called upon. Acts 1927, pp. 274–277.

So that when the Legislature of 1931 undertook to amend it, section 402 only provided for assistants to the judge of probate in the preparation of a list of voters and the delivering of it to the inspectors. The duty to keep and prepare such lists is provided by sections 387, 388. It must be made from the registration books or lists filed in his office by the registrars, as provided by sections 396, 401. Section 396 requires the registrars after each meeting for purging the registration list to file in the office of the probate judge the book in which they enter the names of all electors stricken from the list. By section 401 they shall return to the office of the probate judge a registration list by precincts with other stated information. The book containing such list is the official register. Davis v. Teague, 220 Ala. 309, 125 So. 51. By the amendment of 1931 to section 402, provision is made for a clerk to assist the registrars by submitting to them "revised election lists of said county," containing other information as specified, and shall "attend to all clerical work of the Board of Registrars."

It is apparent therefore that, prior to the amendment of 1931, section 402 only related to assistants to the probate judge in the performance of his duties which are distinct from those rendered by the registrars. But each separately must prepare lists, but for different purposes. Section 402 had before the amendment no provision affecting the duties of, nor providing help for, the registrars. The amendment injects a new subject, provides a clerk whose duties in no respect supplement or otherwise relate to what was theretofore provided by that section. It would be more plausible to contend that it was cognate to section 401, which prescribes duties for the registrars for whom the clerk, by the amendment, should render service. But the title merely to amend section 402 could not give information that its purpose was to provide a clerk for the registrars and not the probate judge.

We have cases which are conclusive that the title of an act which purports merely to amend a certain section of the Code designated by number cannot, conformably with section 45, Constitution, add a new and different subject. Kendrick v. State, 218 Ala. 277, 120 So. 142; State v. Smith, Auditor, 187 Ala. 411, 65 So. 942; Dunning v. Holcombe, 203 Ala. 546, 84 So. 740.

We are of the opinion that such is the effect of the amendment of 1931 to section 402, and therefore that it violates section 45 of the Constitution, and is void.

It follows that appellee cannot have the relief sought in his petition, and the demurrer should be and is sustained, and the petition dismissed.

Reversed and rendered.

All the Justices concur.