155 So. 692

**STATE ex rel. LISTER v. HAWKINS.**

6 Div. 503.

Supreme Court of Alabama.

June 12, 1934.

Rehearing Denied June 28, 1934.

Horace C. Wilkinson, of Birmingham, for appellant.

Thos. J. Judge, of Birmingham, for appellee.

ANDERSON, Chief Justice.

The act here involved has been heretofore considered by this court in an action between the same parties,—the State being the real party in both cases—226 Ala. 288, 147 So. 432. We then upheld the said act as against the attack then made upon it, but declined to decide whether or not it was in violation of section 45 of the Constitution of 1901 for the reason that the question had not been so presented as to require a consideration of same.

■ This seems to be a second action between the same parties and a special plea of res judicata was interposed and the trial court sustained a demurrer to same. The appellee took a cross-appeal, but has not assigned error as to the ruling of the trial court on the demurrer to his said plea. Moreover, the record contains an agreement resting the result upon the constitutionality vel non of the act in question. Therefore, we cannot and need not pass on the action of the trial court in ruling on the demurrer to the plea.

■■ The Acts of 1932, Extra Session, page 177, purports to amend section 370 of the Code of 1923. Said section 370 reads as follows:

"Registration shall be conducted in each county by a board of three reputable and suitable persons to be appointed by the governor, state auditor and commissioner of agriculture and industries, or by a majority of them acting as a board of appointment, and who must be also qualified electors and residents of the county and who shall not hold an elective office during their term. One of said members shall be designated by the

board of appointment as chairman of the board of registrars for each county."

The said act is as follows:

"That Section 370 of the Code of Alabama be amended to read as follows: Section 370. *Registrars: Appointment of*—Registration shall be conducted in each county by a board of three reputable and suitable persons to be appointed by the Governor, State Auditor and Commissioner of Agriculture and Industries, or by a majority of them acting as a board of appointment, and who must be also qualified electors and residents of the county and who shall not hold an elective office during their term. One of said members shall be designated by the Board of Appointment as Chairman of the Board of Registrars for each county. *Provided, however, that in counties of over one hundred and fifty thousand population, according to the last or any subsequent Federal Census, that the Governor shall appoint the Chairman of the Board of Registrars who shall serve for a term of four years and shall be removable only by impeachment for the same causes and in the same manner as county officers are impeached. Upon the passage of this Act, the Governor shall designate and appoint one of the members of each of said boards in such counties as Chairman of the Board of Registrars, who shall forthwith qualify and take office as Chairman and who shall hold such office until the expiration of his term as herein defined.*"

The italicized portion, by the court, being the addition to so much of the repetition of said section 370.

Section 371 of the Code reads as follows:

"The registrars so appointed under this article may be removed at the will of the appointing Board, or a majority of the members thereof, at any time, with or without cause, and without giving their reasons therefor; and if not so removed, the registrars may hold office for four years from the time of their appointment and until their successors are appointed."

Yet the title to the act does not attempt or purport to deal with said section 371, but the body does attempt to alter or amend same.

This court has often held that a section of the Code may be amended by reference to the section number only. But the amended matter must be germane and cognate to the general subject dealt with in the section sought to be amended. Section 370 deals with registration in each county by a board to be appointed by the Governor, state auditor, and commissioner of agriculture or a majority,

fixes the qualification of the registrars, and the designation by the appointing board of a chairman of the board of registrars. Said section 370 does not fix or deal with the term of office of said registrars or the removal of same. This is dealt with in section 371. We therefore agree with the trial court, who prepared an elaborate opinion on the question, that, while the change by the amendment authorizing the Governor instead of the board to name the chairman of the board of registrars in certain counties was germane to section 370, yet the fixation of the term and the provision that the appointee could only be removed by impeachment was not germane to said section 370, but was a change of section 371. In other words, the title to the act gave notice to the Legislature and public that only section 370 would be amended and did not give the slightest notice or hint that section 371 would be changed or altered and was, in fact a delusion and snare as to a change in section 371. We therefore hold that so much of the act as gives the chairman of the board of registrars a fixed term of four years, removable by impeachment only, was not within the purview of section 370 and therefore not within the title to the act. State ex rel. Troy v. Smith, Auditor, 187 Ala. 411, 65 So. 942, and cases there cited; Board of Revenue v. Jansen, 224 Ala. 240, 139 So. 358.

■ We cannot agree with the trial court, however, that so much of the act as is repugnant to the Constitution may be discarded and the remainder upheld. In other words, that the remaining part is so separate and independent of the other as to indicate a legislative intent to give the Governor the authority to appoint the chairman of the board of registrars in certain counties, notwithstanding said appointee could be removed, with, or without cause, at the will of the other two members of the state board. We think to so hold would do violence to the legislative intent and that the body of the act not only intended for the Governor to appoint the chairman in certain counties, but that he should have a fixed term and could not be removed except by impeachment. We, of course, have a long line of decisions to the effect that when the body of the act contains matter not within the purview of the title, and the two are not dependent, the one on the other, the courts will permit the one part to stand though the other may be expunged as unconstitutional, *"provided effect can be given to the legislative intent."* Ham v. State ex rel. Buck, 156 Ala. 656, 47 So. 126,

130, and cases cited. Here, it does not affirmatively appear that the Legislature intended to give the Governor the authority to appoint the chairman of the board of registrars in certain counties subject to removal at any time by the other two members of the state board.

■ True, we have a line of decisions to the effect that when the constitutionality of an act is assailed, the court will indulge the presumption of its constitutionality, but this presumption is not indulged in favor of the remainder of an act when part of it is declared unconstitutional. South & North Alabama Railroad Co. v. Morris, 65 Ala. 193.

We therefore hold that the entire act must go down and the trial court erred in holding that the respondent, Hawkins, was entitled to the office and in not granting the relief sought by the information.

The judgment of the circuit court is reversed and one is here rendered ousting the respondent, Hawkins, from the office in question.

Reversed and rendered.

BOULDIN, BROWN, and FOSTER, JJ., concur.

GARDNER, THOMAS, and KNIGHT, JJ., concur in the holding that so much of the act as attempted to amend or change 371 of the Code violated section 45 of the Constitution, but think this part of the act should be disregarded, and the remainder upheld, and, therefore, dissent.

⚖️For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes