176 So. 329

## COOPER v. HAWKINS.

### 6 Div. 73.

Supreme Court of Alabama.

Oct. 7, 1937.

Rehearing Denied Oct. 28, 1937.

Horace C. Wilkinson and Ralph B. Tate, both of Birmingham, for appellant.

istrars, duly appointed as chairman of Board of Registrars of Jefferson County pursuant to Code, § 370. He was subject to removal at the will of the appointing board and, if not so removed, was to hold said office for four years. Code, § 371.

In 1932, the Legislature enacted a statute (Gen. Acts 1932, Ex. Sess., p. 177) purporting to amend Code, § 370, so as to empower the Governor to forthwith appoint a chairman of the Board of Registrars for counties in the class of Jefferson. Pursuant to this act the Governor appointed appellee, Sam W. Hawkins, to such office, and issued a commission.

Mr. Cooper not conceding the validity of such appointment, Mr. Hawkins instituted a quo warranto proceeding against him. This proceeding was defended upon the ground that the act of 1932 was unconstitutional and void because violative of specified provisions of the Constitution of Alabama. The trial court sustained the act, and entered a judgment of ouster.

An appeal was prosecuted to this court, where the judgment was affirmed. Cooper v. State ex rel. Hawkins, 226 Ala. 288, 147 So. 432. On rehearing appellant sought to raise the point that the act was violative of section 45 of the Constitution. This court declined to consider the point because not raised in the court below. (Headnote 8.) Pursuant to the judgment of ouster and pending the appeal, the office was surrendered to Mr. Hawkins, who entered upon the duties of the office and was paid the salary from November, 1932, to June, 1934.

In May, 1933, another quo warranto proceeding was instituted on the relation of R. H. Lister to oust appellee, Hawkins. In this proceeding the act of 1932 was specially challenged as violative of section 45 of the Constitution. The trial court gave judgment for respondent. On appeal to this court that judgment was reversed, the act held void in toto because violative of section 45, and judgment of ouster entered in this court. State ex rel. Lister v. Hawkins, 229 Ala. 144, 155 So. 692.

Mr. Cooper was thereupon reinstated in the office and brought the instant suit on common counts for money had and received to recover from Mr. Hawkins the sums paid him by the County of Jefferson on salary while he occupied the office.

The argument in support of appellant's right of recovery in this cause proceeds on this wise:

W. B. Harrison and Smith, Windham, Jackson & Rives, all of Birmingham, for appellee.

BOULDIN, Justice.

Action by a public officer to recover from a former incumbent the salary paid him while performing the duties of the office, and from which he was ousted by quo warranto proceedings.

In 1931, appellant, L. B. Cooper, was, by the Board of Appointment of County Reg-

That the judgment of this court in State ex rel. Lister v. Hawkins, supra, was a final adjudication that the act under which Mr. Hawkins was appointed was unconstitutional and therefore void; that Mr. Cooper was and had been all the while the de jure officer; that, therefore, Mr. Hawkins was unlawfully holding the office, with the status of a de facto officer merely; that the salary is an incident to the office, belongs to the de jure officer, although excluded from the office, by a de facto officer, and may be recovered from the latter in an action for money had and received.

■ The right of a de jure officer unlawfully deprived of his office by the intrusion of another to recover from such de facto officer the salary paid him while holding and performing the duties of the office is a general rule of law quite well supported by authority. Albright v. Sandoval, 216 U.S. 331, 30 S.Ct. 318, 54 L.Ed. 502; Coughlin v. McElroy, 74 Conn. 397, 50 A. 1025, 92 Am.St.Rep. 224; Holcomb v. Spikes (Tex.Civ.App.) 249 S.W. 516; Wilkerson v. Albuquerque, 25 N.M. 599, 185 P. 547; Kreitz v. Behrensmeyer, 149 Ill. 496, 36 N.E. 983, 24 L.R.A. 59; Farr v. Neeley, 66 Colo. 70, 179 P. 139; State ex rel. Abington v. Reynolds, 280 Mo. 446, 218 S.W. 334; Nichols v. MacLean, 101 N. Y. 526, 5 N.E. 347, 54 Am.Rep. 730; Dolan v. Mayor, etc., 68 N.Y. 274, 23 Am.Rep. 168; 46 C.J. 1014.

The cases show this rule was applied in numerous cases where the de facto officer entered under color of election or appointment, but subsequently adjudicated to be without authority of law. We need not review them in detail.

■ We deem the rule inapplicable here upon fundamental principles of law governing this case.

Mr. Hawkins entered upon the duties of the office under the sanction and pursuant to the authorization of every department of the State government:

First. An act of the Legislature, the constitutional lawmaking body, whose acts are presumed even by the courts to be valid until brought in question in a case where a decision of their constitutionality is essential to a decision of the cause. In such case, the courts, out of respect for the acts of a co-ordinate branch of the government, and because of the utter impracticability of considering every constitutional question that may arise touching a legislative act,

consider only the constitutional objections raised in the cause, unless the act is so palpably void on constitutional grounds that the court, for the protection of public interests, deems it wise to sound the alarm by calling attention to such status. Fitzpatrick v. State, 169 Ala. 1, 53 So. 1021; State ex rel. Vandiver v. Burke, 175 Ala. 561, 57 So. 870; Lovejoy v. City of Montgomery, 180 Ala. 473, 61 So. 597; Alabama Warehousing Co. v. State, 227 Ala. 258, 149 So. 843.

For full array of authorities, including other Alabama cases, see 12 C.J. p. 780, § 212 (3), and notes; also p. 785, § 216 (2), and notes.

Second. An appointment and commission by the Governor, the highest executive officer of the State.

Third. A judicial ascertainment of his right and title to the office in a court of competent jurisdiction, in a proceeding appropriate for the trial of such issue, wherein the court had jurisdiction of the parties and subject matter, and the issue was directly presented and adjudicated, and later affirmed by this court, the highest judicial tribunal of the State.

By the fundamental rule of the finality of judgments, Hawkins was inducted into office as an officer de jure, and so held, not pending a review of such judgment on appeal, but until, in another and distinct proceeding of like character, Mr. Cooper was adjudicated the person entitled to the office. Town of Tallassee v. State, ex rel. Brunson, 206 Ala. 169, 89 So. 514, 20 A.L.R. 1127; Boyd v. State, 53 Ala. 601; Bibb v. Bibb, 79 Ala. 437, 444; City Council of Montgomery v. Walker, 154 Ala. 242, 45 So. 586, 129 Am.St.Rep. 54; 34 C.J. 972.

■ We merely advert to the general doctrine of stare decisis to the effect that, where parties have acted upon the law as clearly declared by judicial decision, they will be protected, although such decisions are thereafter overruled. Farrior v. New England Mortgage Security Co., 92 Ala. 176, 9 So. 532, 12 L.R.A. 856.

The principle here involved is still stronger.

The salary paid Mr. Hawkins was pursuant to a direct adjudication that he was entitled to it.

■ The rule that all persons are presumed to know the law does not prejudice Mr. Hawkins here. He and all others, under such rule, were charged with knowl-

edge that his holding was lawful. He who has appealed to the tribunals set up to declare the law of his case, and had the same determined by due process of law, cannot be said to act either wrongfully or unlawfully in exercising the rights so adjudicated.

Nor need we advert to the fact that the rule of public policy which charges all persons with knowledge of the laws of the land has exceptions when applied to public officers and others acting on the presumption that laws enacted by the law making body are valid, until they are declared invalid. Irwin v. Jefferson County, 228 Ala. 609, 154 So. 589. Section 2619 of the Code expressly extends protection to an officer paying out as well as the person receiving public moneys pursuant to positive statute prior to an adjudication that it is invalid. Whether this statute applies to rival claimants inter se, we need not consider.

Admittedly, the later judgment was final and conclusive that the act was void because violative of section 45; and that Mr. Cooper was entitled to be reinstated in the office. But it was no more final and conclusive than was the former judgment until the law was otherwise declared by the later judgment. Until then the former judgment determined the rights of the parties.

The entire trouble came about by the failure in the first proceeding to challenge the act of 1932 as violative of section 45.

True, as pointed out in our second decision (229 Ala. 144, 145, 155 So. 692), the question of res judicata was not presented for review, and an agreement of record limited the review to the one question, namely, Was the act unconstitutional? But this agreement cannot be construed as affecting the issue here.

The question of the right of Mr. Hawkins to the salary while holding it under the mandate of the law and performing the duties thereof was not at issue then. The agreement meant no more than that the issue in the second suit should be heard on the merits, no point being raised which would prevent a decision on the constitutional validity of the act upon grounds not raised in the first suit.

The doctrine much insisted upon that all persons are presumed to know the law, if applicable to the relator in the first proceeding, was likewise applicable to the respondent in framing the issues.

The controlling factor in the case now before us is that Mr. Hawkins entered into the office, performed the duties thereof, and received the salary now in question upon a conclusive adjudication of his right to the office. All other questions may be laid aside. The judgment of the trial court was in accord with these views and is due to be affirmed. It is not material whether that court or counsel for appellee reached the correct conclusion on like reasoning.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.