MADDOX, Justice.
This appeal involves the prospective application of this Court’s decision in Goodyear Tire & Rubber Co. v. J.M. Tull Metals Co., 629 So.2d 633 (Ala.1993) (rehearing denied, November 5,1993). In Goodyear, this Court allowed the enforcement of indemnity agreements involving work site injuries; it stated that the decision “shall apply prospectively only, but shall be applicable to all actions pending at the time of issuance of this opinion.” 629 So.2d at 638.
The essential facts in the present case were stipulated to by counsel:
“It is stipulated by counsel for the purposes of the motions to dismiss that the accident involving Larry Brown occurred on November 29, 1988; that the lawsuit in Federal Court was filed on November 28, 1990; that a judgment was rendered on June 4, 1992, and affirmed on appeal on May 14, 1993; ... This [present] action was filed on February 24, 1994.”
The trial court dismissed Kimberly-Clark’s complaint, as amended, stating, “Based on [the] stipulated facts and the language in the Goodyear case which states that its holding [1]... shall apply prospectively only, but shall be applicable to all actions pending at the time of issuance of [the] opinion,’ it is the opinion of the Court that the [motions to dismiss filed by Fluor-Daniel, Inc., are to be granted].”
Although the stipulated facts are sufficient for the purpose of deciding the legal question presented, we set forth some of the basic underlying facts for a better understanding of our reasons for affirming the judgment of the trial court.
Fluor-Daniel, Inc., a contractor, entered into a written agreement with Kimberly-Clark to rebuild a paper machine at Kimberly-Clark’s Coosa Pines facility. The contract contained an indemnity clause that required Fluor-Daniel to defend, indemnify, and hold harmless Kimberly-Clark from and against any claims, including claims for attorney fees, arising out of or resulting from Fluor-Daniel’s negligent acts during the performance of the work described in the contract.
Larry Brown, a Fluor-Daniel millwright, was assigned to begin work on Kimberly-Clark’s paper machine. On November 29, 1988, Brown was injured while performing work pursuant to the contract between *97 Fluor-Daniel and Kimberly-Clark. On November 28, 1990, Brown filed an action in a United States district court against Kimberly-Clark, alleging that negligence and wantonness on the part of Kimberly-Clark had caused his injuries.[1] A jury returned a verdict in favor of Brown for $1,500,000 on June 4, 1992, and the Eleventh Circuit Court of Appeals, on May 14,1993, affirmed the judgment of the trial court entered pursuant to the jury verdict.
As stated earlier, the sole issue for our review is whether Kimberly-Clark can obtain the beneficial effect of the Goodyear decision and enforce the indemnity provisions of its contract with Fluor-Daniel. Kimberly-Clark summarizes its argument in its brief, as follows:
“The applicable law of Alabama, as clearly set forth by this Court in Goodyear, permits a third party to enforce an employer’s express agreement to indemnify the third party for damages incurred by the third party arising out of an on-the-job injury to the employer’s employee. Moreover, the parties’ expectations, as embodied in their written contract, reflect Fluor-Daniel’s intent to assume liability under the terms of the contract, regardless of the provisions of Alabama’s Workmen’s Compensation Act. Finally, consideration of principles of equity and an analysis of the effect of applying the new rule to these parties confirm that application of the Goodyear rule to Kimberly-Clark’s cause of action is appropriate. For all these reasons, this Court should reverse the order dismissing this case and should remand the case for further proceedings consistent with the Goodyear opinion.”
In Goodyear, this Court expressly overruled Paul Krebs & Assoc. v. Matthews & Fritts Construction Co., 356 So.2d 638 (Ala. 1978), which had held that an employer subject to Alabama’s Workers’ Compensation Statute could not be sued for indemnity by a third party for reimbursement of damages that the third party had paid to one of the employer’s employees. The Krebs holding was based on § 25-5-53, Ala.Code 1975, the “exclusive remedy” provision that makes employers immune from civil liability for on-the-job injuries suffered by employees. Goodyear, in reversing Krebs, reinstated the rule in Eley v. Brunner-Lay Southern Corp., 289 Ala. 120, 266 So.2d 276 (1972); Goodyear held “that enforcement of an express indemnity agreement against an employer by a third party does not violate the exclusive remedy provision of Alabama’s Workers’ Compensation Act.” 629 So.2d at 638. This Court further stated, “[W]e are mindful of the strong public policy interest favoring enforcement of contractual agreements entered into voluntarily by competent parties, unless they clearly contravene some positive law or rule of public morals.” 629 So.2d at 638. Kimberly-Clark contends that Goodyear clearly holds that neither the Workers’ Compensation Act nor Alabama case law bars its claim. Furthermore, Kimberly-Clark argues that Goodyear expressly authorizes its agreement and affirms that such agreements are consistent with the public policy of Alabama.
It is unquestioned that at the time of Brown’s injury, November 29, 1988, the rule set out in Krebs was controlling. The Goodyear opinion overruling Krebs was not released until September 17, 1993; this court denied rehearing on November 5,1993. This Court explained in Goodyear:
“[A]ny cases following the rule in Krebs, are overruled to the extent that they hold that an express contract of indemnity may not be enforced by a third party against an employer. We reinstate the rule in Eley, supra, and we hold that enforcement of an express indemnity agreement against an employer by a third party does not violate the exclusive remedy provision of Alabama’s Workers’ Compensation Act. This holding shall apply prospectively only, but shall be applicable to all actions pending at the time of issuance of this opinion.”
629 So.2d at 638. (Emphasis added.)
A “prospective” law is defined as “[o]ne applicable only to cases which shall arise after its enactment.” Black’s Law Dictionary 1222 (6th ed. 1990). This Court has *98 held that “[t]he determination of retroactive or prospective application of a decision overruling a former decision is a matter of judicial discretion which must be exercised on a case by case basis.” State v. Morrison Cafeterias Consol., Inc., 487 So.2d 898, 903 (Ala. 1985). See Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); City of Birmingham v. Brasher, 359 So.2d 1153 (Ala.1978). This Court stated in Cooper v. Hawkins, 234 Ala. 636, 638, 176 So. 329, 331 (1937), that “where parties have acted upon the law as clearly declared by judicial decision, they will be protected, although such decisions are thereafter overruled. Farrior v. New England Mortgage Security Co., 92 Ala. 176, 9 So. 532 (1891)....”
The undisputed evidence makes it clear that, at the time of Brown’s injury, Kimberly-Clark was not permitted to enforce its indemnity agreement under Alabama law as then interpreted. This case was not pending in any court when Goodyear was released, and Kimberly-Clark had not sought to enforce its indemnity contract in any other proceeding.[2]
Even though this Court, in Goodyear, stated that “Goodyear, asking this Court to overrule Krebs and to reverse that line of cases following Krebs, correctly notes that Alabama is the only state that has judicially interpreted its exclusive remedy provision to bar enforcement of express indemnity contracts against an employer,” 629 So.2d at 635, this Court, nevertheless, did not apply Goodyear retroactively, as it clearly could have. This Court specifically stated that the Goodyear decision “shall apply prospectively only, but shall be applicable to all actions pending at the time of issuance of this opinion”; we conclude that Kimberly-Clark has demonstrated no reason why this Court should depart from that clear statement in Goodyear.
We, therefore, affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON, COOK and BUTTS, JJ., concur.

. Fluor-Daniel paid Brown workers’ compensation benefits; it was not named in the action, because of the employer immunity provisions of Alabama's Workers' Compensation Act.

. Kimberly-Clark makes no averment in its complaint that it provided a notice or demand for indemnification before the release of the Goodyear opinion, or for that matter, during the remainder of 1993. The first alleged notice of a demand for indemnification and defense came on February 24, 1994, which was, as Fluor-Daniel argues: 1) over half a decade after the accident; 2) over three years after the underlying complaint had been filed; 3) over 18 months after the final judgment was rendered against Kimberly-Clark; and 4) approximately six months after the Goodyear decision was announced.
Although this case, like Goodyear, arose out of a work-site accident as to which an indemnity contract was in effect, they are different in that, in Goodyear, Goodyear, when it was sued by a J.M. Tull Metals, Inc., employee, immediately forwarded the relevant documents to Tull and made a demand for indemnification and for Tull to assume the defense of the action.