MOORE, Chief Justice
(dissenting).
Davon Lashon Davis and Christy Flowers began dating in October 2012; Flowers eventually decided to end the relationship after Davis’s ex-girlfriend kept interfering. After the breakup, Davis came to Flowers’s apartment to retrieve some of his belongings. After Flowers threw some of Davis’s property out of the window, Davis grabbed Flowers by the throat and threw her against the wall. Flowers could not breathe or speak while she was being held by her throat against the wall, but she never lost consciousness. After holding Flowers against the wall for a few seconds, Davis threw her to the ground.
Davis was charged with committing domestic violence by strangulation or suffocation, a violation of § 13A-6-138, Ala. Code 1975. Davis was tried by a jury, was convicted, and was sentenced, apparently as a habitual felony offender, to 30 years’ imprisonment. On appeal, Davis first argued that § 13A-6-138 is unconstitutional because it is vague and overly broad. The Court of Criminal Appeals held that this argument had not been preserved for appellate review because Davis did not raise it in the trial court. The court also held that the other arguments in Davis’s appellate brief did not comply with Rule 28(a)(10), Ala. R.App. P., and it thus affirmed Davis’s sentence and conviction by an unpublished memorandum. Davis v. State (No. CR-13-0215, Aug. 22, 2014), — So.3d — (Ala.Crim.App.2014) (table).
Davis now petitions this Court for cer-tiorari review, arguing as a matter of first impression that § 13A-6-138 is unconstitutionally vague.[1] Section 13A-6-138 provides:
“(a) For the purposes of this section, the following terms have the following meanings:
“(1) Qualified relationship. The victim is a spouse, former spouse, parent, stepparent, child, stepchild, or a person with whom the defendant has a child in common, or with whom the defendant has or had a dating or engagement relationship within 10 months preceding this event.
“(2) Strangulation. Intentionally causing asphyxia by closure or compression of the blood vessels or air passages of the neck as a result of external pressure on the neck.
“(3) Suffocation. Intentionally causing asphyxia by depriving a person of air or by preventing a person from breathing through the inhalation of toxic gases or by blocking or obstructing the airway of a person, by any means other than by strangulation as defined in this section.
“(b) A person commits the crime of domestic violence by strangulation or suffocation if the person commits an assault with intent to cause physical harm or commits the crime of menacing pursuant to Section 13A-6-23, by strangulation or suffocation or attempted strangu *1212 lation or suffocation against a person with whom the defendant has a qualified relationship.
“(c) Domestic violence by strangulation or suffocation is a Class B felony punishable as provided by law.”
(Emphasis added.)
Davis argues that, because § 13A-6-138 does not define “asphyxia,” the definition of “asphyxia” is unclear and that it is unclear whether a professional medical opinion is necessary to establish asphyxia. I agree. Neither § 13A-6-138 nor any other provision in the Alabama Code defines “asphyxia.” Ordinarily, “[w]ords used in a statute must be given their natural, plain, ordinary, and commonly understood meaning.” IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992). However, “asphyxia” is not a word commonly used by lay people.
Even commonly used dictionaries have materially different definitions of “asphyxia”; some define it simply as a lack of oxygen, whereas others require unconsciousness or death. Compare Merriam-Webster’s- Collegiate Dictionary 73 (11th ed.2003) (defining asphyxia as “a lack of oxygen or excess of carbon dioxide in the body that results in unconsciousness and often death and is usu. caused by interruption of breathing or inadequate oxygen supply”), and The American Heritage Dictionary 133 (2d coll, ed.1991) (defining asphyxia as “[u]nconsciousness or death caused by lack of oxygen”), with Webster’s Third New International Dictionary 129 (2002) (defining asphyxia as “local or systemic deficiency of oxygen and excess of carbon dioxide in living tissues usu. as a result of interruption of respiration”), and Random House Webster’s Unabridged Dictionary 124 (2d ed.2001) (defining asphyxia as “the extreme condition caused by lack of oxygen and excess of carbon dioxide in the blood, produced by interference with respiration or insufficient oxygen in the air; suffocation”), and I The Oxford English Dictionary 695 (2d ed.1991) (defining asphyxia variously as “1. lit. Stoppage of the pulse-2. The condition of suspended animation produced by a deficiency of oxygen in the blood; suffocation”). Even if the jury was aware of the different definitions of asphyxia, jurors would have to guess which definition was correct. Under the void-for-vagueness doctrine, “men of common intelligence cannot be required to guess at the meaning of the enactment.” Winters v. New York, 333 U.S. 507, 515, 68 S.Ct. 665, 92 L.Ed. 840 (1948) (citing Connally v. General Constr. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926)). I believe that neither an ordinary defendant nor an ordinary juror would understand this word.
Davis’s conduct was reprehensible and certainly deserves to be punished. Grabbing a person by the throat and throwing her to the ground certainly is punishable as assault in the third degree or as menacing, violations of §§ 13A-6-22 and -23, Ala.Code 1975, respectively, both of which are misdemeanors. However, Davis was convicted of a Class B felony and was sentenced, apparently as a habitual felony offender, to 30 years’ imprisonment. We cannot allow someone to serve a 30-year prison term if the only basis for his conviction is a vague statutory provision. I would grant Davis’s petition and consider his vagueness argument and allow the State to present arguments in response.

. I realize that the Court of Criminal Appeals held that Davis did not preserve this issue for appeal. However, this Court has held that it may consider the constitutionality of a statute if "the act is so palpably void on constitutional grounds that the court, for the protection of public interests, deems it wise to sound the alarm by calling attention to such status.” Cooper v. Hawkins, 234 Ala. 636, 638, 176 So. 329, 330 (1937).